PEABODY COAL COMPANY,
Petitioner,

v.

ENVIRONMENTAL PROTECTION AGENCY and Russell E. Train, Administrator, Environmental Protection Agency, Respondents.

No. 75–1454.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1975.

Decided Sept. 23, 1975.

Gary Mayes, St. Louis, Mo., for petitioner.

Douglas K. Miller, Atty., Pollution Control Sec., U. S. Dept. of Justice, Washington, D. C., for respondents.

Michael P. Isbell, Colo. Dept. of Health, Denver, Colo., for intervenor-respondent, Colorado Dept. of Health.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Peabody Coal Company seeks review of the Environmental Protection Agency Administrator's approval of Colorado's permit program under the Federal Water Pollution Control Act, 33 U.S.C. § 1342(b). The EPA has filed a motion to dismiss the action, on the grounds that we lack jurisdiction and venue is improper. In the alternative EPA asks for transfer to the Tenth Circuit. The Colorado Department of Health has intervened on the side of the EPA. We are thus faced initially with the question whether the statute allows review in this Court and alternatively, whether we should exercise our equitable discretion to transfer the case to the Tenth Circuit.

The Act places primary responsibility for administration of the National Pollutant Discharge Elimination System with the EPA, including issuance of pollutant discharge permits, 33 U.S.C. § 1342(a).

Any state may elect to administer its own permit program, however. Under 33 U.S.C. § 1342(b), the Governor of Colorado submitted a proposal for state regulation of pollutant discharge, and this proposal was approved by the Administrator of the EPA on March 27, 1975. This decision of the Administrator is the basis for Peabody Coal's petition for review. We conclude that we have jurisdiction and that venue is proper, but that this case should nevertheless be transferred to the Tenth Circuit.

The Act provides:

> Review of the Administrator's action
>
> . . .
>
> .    .    .    .    .
>
> (D) in making any determination as to a State permit program submitted under section 1342(b) of this title, . .
> may be had by any interested person in the Circuit Court of Appeals of the United States for the Federal judicial district in which such person resides or transacts such business upon application by such person.

33 U.S.C. § 1369(b)(1)(D). The parties differ concerning where a corporation should be considered to "reside" under the statute. Peabody Coal is a Delaware corporation with its principal place of business in St. Louis, Missouri, and it conducts mining operations in twelve states including Colorado. However, we need not reach the question of residence in this case because it is clear to us that the corporation "transacts such business" in this circuit.

■ The phrase "transacts such business" is troublesome because of the use of the word "such". Generally that word is one of limitation which ties the word it modifies to a thing or category previously pointed out. However, the statute provides no antecedent for the word as it is used here. Without determining the proper interpretation of the word "such" in this statute, we think it is clear that Peabody does transact business in Missouri which is affected by a Colorado pollution discharge permit pro-gram, even though the mining operations in question are in Colorado.

As the Act was originally passed by the Senate, certain actions of national scope were reviewable only in the District of Columbia Circuit, and others in "the appropriate circuit." S.2770, 92d Cong., 2d Sess., 117 Cong.Rec. 38886 (1971). The use of "appropriate circuit" was to place jurisdiction "in the U.S. Court of Appeals for the Circuit in which the affected State or region, or portion thereof, is located." S.Rep. 92–414, U.S.Code Cong. & Admin.News 3668, 3751 (1972). However, the final version of the Act is the result of a conference reconciliation of differing House and Senate versions. Conf.Rep. 92–1236, U.S.Code Cong. & Admin.News 3776 (1972). The conference rejected the Senate's use of "appropriate circuit" or review in the District of Columbia Circuit, and submitted the present language. The conference stated "Judicial review is to be had in the circuit court of appeals for the judicial district in which the interested person resides or transacts business    .    .    .." *Id.* at 3825. This legislative history, and rejection of the Senate review scheme, indicates to us that Peabody Coal may properly bring this suit in the Eighth Circuit. It is undisputed that the corporation "transacts business" in this circuit.

■ But we cannot ignore the fact that the primary environmental effect of the Administrator's action in this case will not be felt in this circuit, but in Colorado. We assume that most of those interested in the state's permit program reside and transact business in Colorado. It therefore stands to reason that future litigation on this subject will more probably be in the Tenth Circuit than in any other. It is plain that inconsistent adjudications as to Colorado's program could result if we would hear this case, a result which federal courts must avoid whenever possible.

Peabody Coal concedes that the Tenth Circuit also has jurisdiction over this matter and that we have the equitable power to transfer this case to that cir-

**1154**

cuit in the interest of sound judicial administration. *Farah Manufacturing Co. v. NLRB,* 481 F.2d 1143, 1145 (8th Cir. 1973); *Panhandle Eastern Pipeline Co. v. FPC,* 343 F.2d 905, 909 (8th Cir. 1965).

Accordingly, we order that venue of this action be changed to the Tenth Circuit. The motion of the EPA to dismiss is denied.