**Jayne RICHARDS and Donald A. Richards, Plaintiffs,**

v.

**UPJOHN COMPANY, a Corporation of the State of Michigan, Defendant.**

**Civ. A. No. 5–72144.**

United States District Court, E. D. Michigan, S. D.

Feb. 3, 1976.

David A. Maxon, Detroit, Mich., for plaintiffs.

James G. Smith, Kitch & Suhrheinrich, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is an action by citizens of Massachusetts to recover damages allegedly received from a drug manufactured by the defendant in Kalamazoo, Michigan. Defendant is a foreign corporation that has its principal place of business in Kalamazoo, Michigan, and it is licensed to do business in Michigan. It maintains an office for the sale and production of urethane in Wayne County, Michigan, within this district. Jurisdiction is grounded solely upon diversity of citizenship under 28 U.S.C. § 1332. Defendant moves to dismiss for lack of venue or, alternatively, for transfer to the Western District of Michigan for the convenience of defendant and its witnesses.

Under 28 U.S.C. § 1391(c), a corporate defendant "resides" for venue purposes in any district where "it is incorporated or licensed to do business or is doing business." There is some controversy, however, about whether section 1391(c) authorizes suit against a foreign corporate defendant in every district of a multi-district state in which it is licensed to do business. *See* 1 Barron & Holt-

zoff, *Federal Practice and Procedure* § 80 (1971 Supp.); 1 *Moore's Federal Practice* ¶ 0.142[5.—1—3], at 1407 n.31; Annot., 14 A.L.R.F. 938 (1973). Thus, some courts have held that a foreign corporation which is licensed to do business statewide resides, for purposes of venue, in only those districts in which it is actually doing business. *See, e. g., Educational Development Corp. v. Economy Co.*, 376 F.Supp. 287 (N.D.Okla.1973).

█ This court believes that the language of section 1391(c) clearly and unambiguously authorizes suit in any district of a state in which the corporate defendant is licensed to do business statewide. This basis for venue exists independently of the corporate defendant's district of incorporation and of its principal place of business. The construction of section 1391(c) that is urged in *Educational Development Corp., supra*, reads out of the statute the words "licensed to do business" as a basis for venue because it requires in each instance that the corporation be "doing business" in the district before venue will lie. Such a construction strains the clear meaning of the terms of the statute.

█ Under Michigan law, the defendant is licensed to do business throughout the state. MCL §§ 450.93, .2002. It is therefore licensed to do business in this district, and venue is properly laid here whether or not it is actually doing business here.

█ If considerations of practicality and convenience indicate that venue should be laid in another district, a transfer to the more convenient district is available under 28 U.S.C. § 1404(a).

█ In this case, the court has considered defendant's request for transfer to the Western District under section 1404(a) and has concluded that a transfer would not be warranted. Plaintiffs have chosen to bring suit in this district, and ordinarily plaintiff's choice of forum will not be disturbed. Defendant has pointed to no specific hardship, but simply to the fact that its home office,

records, and potential witnesses are in Kalamazoo. It does not claim that a large and unwieldy volume of records or equipment will have to be transported, or, indeed, that anything of great substance will have to be moved. Nor has it indicated the number of witnesses who might be inconvenienced by suit here. The distance to Detroit is not so far as to justify a transfer of the case. The motion to transfer is therefore denied.

So ordered.