592 F.2d 897
 13 ERC 1092, 50 A.L.R.Fed. 882
 TENNECO OIL COMPANY, Petitioner,
v.
ENVIRONMENTAL PROTECTION AGENCY, Douglas M. Costle,
Administrator, and Eckhardt C. Beck, Regional
Administrator, Region II, Respondents.
EXXON CORPORATION, Petitioner,
v.
ADMINISTRATOR, ENVIRONMENTAL PROTECTION AGENCY, Douglas M.
Costle, and Eckhardt C. Beck, Respondents.
TEXACO, INC., Petitioner,
v.
The ENVIRONMENTAL PROTECTION AGENCY, an independent agency
of the executive branch of the government of the
United States, et al., Respondents.
 Nos. 78-1684, 78-1687 and 78-1688.
 United States Court of Appeals,
Fifth Circuit.
 April 9, 1979.
 
 Baker & Botts, Washington, D. C., for petitioner in No. 78-1684 and No. 78-1687.
 Charles M. Darling, IV, J. Patrick Berry, Washington, D. C., Alfred B. Smith, Jr., Tenneco Oil Co., Houston, Tex., for Tenneco Oil Co.
 H. H. Hillyer, Jr., Joseph E. Leblanc, Jr., New Orleans, La., for Exxon Corp.
 Shirley C. Friend, Jr., New Orleans, La., for Texaco, Inc.
 Bernard J. Caillouet, New Orleans, La., for intervenors in Nos. 78-1684 and 78-1688 and for petitioner in No. 78-1687.
 Douglas M. Costle, Administrator-EPA, Jeffrey M. Gaba, Patrick J. Cafferty, Jr., Atty., Land & Natural Resources Div., Dept. of Justice, Washington, D. C., for respondents in all cases.
 
 
 1
 Milling, Benson, Woodward, Hillyer & Pierson, New Orleans, La., for petitioner in No. 78-1687.
 
 
 2
 Eckardt C. Beck, Regional Adm., EPA, Region II, New York City, for respondents in Nos. 78-1687 and 78-1688.
 
 
 3
 James W. Moorman, Asst. Atty. Gen., Land and Natural Resources Division, Dept. of Justice, Washington, D. C., for respondents in No. 78-1688.
 
 
 4
 Petitions for Review of an Order of the Environmental Protection Agency.
 
 
 5
 Before BROWN, Chief Judge, GODBOLD and RONEY, Circuit Judges.
 
 PER CURIAM:
 
 6
 In a previous ruling, 577 F.2d 931 (5th Cir. 1978), this Court denied a motion in this cause to dismiss or transfer petitions for review. The basis for that ruling was that the principal place of business of all three companies lay within the Fifth Circuit. Subsequently, petitioners Exxon Corporation and Texaco, Inc. notified the Court that their principal places of business are not in this Circuit. Since the factual predicate for the prior ruling is incorrect, it is therefore necessary to reconsider the motion. The previous opinion is vacated and the instant opinion substituted. Because of the decision here, the order denying the motion to dismiss remains unaffected.
 
 
 7
 Three oil companies seek review in this Circuit of the Environmental Protection Agency Administrator's action in issuing a permit under 33 U.S.C.A. § 1342 concerning the discharge of effluents from offshore drilling platforms located in the Atlantic Ocean. The EPA has moved that the petitions for review be dismissed or transferred. We deny the motion. The petitions were properly filed in this Circuit and, on balance, the equitable circumstances do not compel transfer of the petitions to another circuit.
 
 
 8
 Judicial review is controlled by 33 U.S.C.A. § 1369(b)(1)(F):
 
 
 9
 Review of the Administrator's action . . . in issuing or denying any permit under section 1342 of this title, may be had by any interested person in the Circuit Court of Appeals of the United States for the Federal judicial district in which such person resides or transacts such business upon application by such person.[1]
 
 
 10
 It must, therefore, be determined whether petitioners "reside" or "transact such business" in the Fifth Circuit.
 
 
 11
 None of the oil companies "resides" within the Fifth Circuit. For the purposes of the general venue statute a corporation resides only at its place of incorporation, Suttle v. Reich Brothers Construction Co., 333 U.S. 163, 68 S.Ct. 900, 92 L.Ed. 614 (1948), and the provisions of § 1369 may be presumed to utilize the same rule. See FPC v. Texaco, Inc., 377 U.S. 33, 37-39, 84 S.Ct. 1105, 1108-1109, 12 L.Ed.2d 112, 116-117 (1964). Texaco and Tenneco are incorporated in Delaware and Exxon is incorporated in New Jersey.
 
 
 12
 The meaning of "transacts such business" is ambiguous. The phrase's ambiguity stems from the word "such," which suggests a limitation but has no immediately obvious antecedent that clarifies what the limitation is.
 
 
 13
 The EPA urges that "transacts such business" refers only to the operations directly affected by the Administrator's action; namely, offshore platforms which are outside this Circuit. This interpretation, however, contradicts the legislative history of the phrase. The original Senate version of the Act would have codified the Administrator's interpretation under the rubric of "appropriate circuit" which was the circuit "in which the affected State or region . . . is located." 1972 U. S. Code Cong. & Admin. News 3751. The Senate version, however, was rejected by the House. The Conference Committee substituted the present version.
 
 
 14
 The only reported case to consider this issue is Peabody Coal Co. v. EPA, 522 F.2d 1152 (8th Cir. 1975). Where petitioner's business within the circuit was affected by the challenged EPA actions, the Eighth Circuit in this case held that "such business" was "transacted" in the Eighth Circuit for purposes of § 1369 review. Although the court expressly disavowed any intention of construing "such" beyond the factual perimeters before it, its approach commends itself and will be followed in this case. We hold that for purposes of § 1369 each of the petitioner corporations transacts such business in the Fifth Circuit because EPA regulation of their offshore operations has a significant effect on the business of each respective petitioner in the Fifth Circuit.
 
 
 15
 The affidavits of the petitioners indicate that the proposed action will affect their transaction of such business in this Circuit. Tenneco maintains its principal place of business within the Circuit and controls all activities relating to the wells in question from its Houston corporate headquarters. The Texaco and Exxon situations present a closer question. Their affidavits do indicate, however, that corporate offices in the Fifth Circuit do exercise some degree of control over the offshore wells in question. Therefore, review of the action in this Circuit is proper.
 
 
 16
 Alternately, the EPA urges the Court to exercise its equitable discretion to transfer the case to either the Second or Third Circuits. This Court has held that it has an inherent power to transfer such cases even though the statute is silent on the point. Georgia-Pacific Corp. v. FPC, 512 F.2d 782 (5th Cir. 1975).
 
 
 17
 Nevertheless, transfer in this case is not appropriate even if § 1369 might also allow review in the Second or Third Circuits. As a general rule, in the absence of unusual circumstances compelling transfer, courts have not exercised their inherent power to transfer to disturb a party's choice of forum. See 16 Wright & Miller, Federal Practice and Procedure § 3944 at 343 (1977). Here, transfer would not serve the purposes of judicial economy or convenience of the parties. No other interested parties have sought review, and the petitioners have chosen to litigate in this forum. The affected business is in neither the Second nor Third Circuit it is over 50 miles from shore (although presumably closer to the Second and Third Circuits than any other circuit). The challenged agency action does not involve a state permit program or otherwise raise local issues. Thus we find no compelling equitable ground for transfer.
 
 
 18
 The EPA's motion for dismissal or transfer is DENIED.
 
 
 
 [1]
 It is not apparent from the language of § 1369 whether the statute lays down jurisdictional requirements or merely provides for venue. Because of our disposition of this case, we need not resolve this ambiguity