Eric R. ROSENFELD, et al.,
Plaintiffs, Appellants,

v.

S.F.C. CORPORATION, et al.,
Defendants, Appellees.

No. 82–1745.

United States Court of Appeals,
First Circuit.

Argued Feb. 2, 1983.

Decided March 21, 1983.

Robert A. Shuman, Boston, Mass., with whom Shuman & Ross, P.C., Boston, Mass., was on brief, for plaintiffs, appellants.

Gerald E. Ross, New York City, for defendants, appellees Spar, Shaft & Hull, Inc., Leigh Weiss and Donald P. Weiss.

John J. McGivney, Boston, Mass., with whom John A. Donovan, Jr., and Burns & Levinson, Boston, Mass., were on brief, for S.F.C. Corp., et al.

Before ALDRICH, BOWNES and BREYER, Circuit Judges.

BREYER, Circuit Judge.

High Beta Charters, Inc. (High Beta) and Eric Rosenfeld, its sole shareholder, brought a diversity action in Massachusetts federal district court claiming that a yacht made by defendant S.F.C. Corporation and sold to High Beta by defendant Spar, Shaft & Hull, Inc., (Spar) was defective. The district court dismissed plaintiffs' action without prejudice for several reasons—namely, that the court lacked personal jurisdiction over defendants; that venue did not lie in Massachusetts; that Rosenfeld suffered no harm and thus could not sue in his personal capacity; and that defendants were not, as alleged by plaintiffs, subject to Mass.Gen. Laws Ann. ch. 93A, § 2. Plaintiffs appealed, filing a brief that argued only the "personal jurisdiction" issue. In response, defendants pointed out that "lack of venue" also provided sufficient support for the district court's decision and asked us to dismiss the appeal. We need not decide whether plaintiffs' brief waived the venue question, see *Pignons S.A. de Mecanique v. Polaroid Corp.,* 701 F.2d 1, 3 (1st Cir.1983), nor need we decide the "personal jurisdiction" question, for the district court's decision on venue is obviously correct. *Cf. Leroy v. Great Western United Corp.,* 443 U.S. 173, 180, 99 S.Ct. 2710, 2714, 61 L.Ed.2d 464 (1979) (appellate court may address issue of venue before personal jurisdiction "when there is a sound prudential justification for doing so").

The United States Code, 28 U.S.C. § 1391(a), states that venue in a federal diversity case exists only "in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." Plaintiff High Beta is not a Massachusetts resident. A corporate *plaintiff* is for venue purposes a resident only in the state in which it is incorporated, and High Beta is incorporated in Delaware. We need not consider whether High Beta is nonetheless "doing business" in Massachusetts within the meaning of 28 U.S.C. § 1391(c), for that section of the Code applies only to corporate defendants, not to corporate plaintiffs. *See Reuben H. Donnelley Corp. v. F.T.C.,* 580 F.2d 264, 269–70 (7th Cir.1978); *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1289 (9th Cir.1977); *American Cyanamid Co. v. Hammond Lead Products, Inc.,* 495 F.2d 1183, 1185–87 (3d Cir. 1974); *Manchester Modes, Inc. v. Schuman,* 426 F.2d 629, 630–33 (2d Cir.1970); *Carter-Beveridge Drilling Co. v. Hughes,* 323 F.2d 417, 418 (5th Cir.1963) *(per curiam); Robert E. Lee & Co. v. Veatch,* 301 F.2d 434, 436–38 (4th Cir.1961), *cert. denied,* 371 U.S. 813, 83 S.Ct. 23, 9 L.Ed.2d 55 (1962); *Dixie Portland Flour Mills, Inc. v. Dixie Feed & Seed Co.,* 272 F.Supp. 826, 829 (W.D.Tenn. 1965), *aff'd,* 382 F.2d 830 (6th Cir.1967).

Neither do "all defendants" reside in Massachusetts. The defendants include: S.F.C. Corp., which made the yacht; Seidelmann-Scarborough Corp., S.F.C. Corp.'s successor; Robert Seidelmann, president and chairman of the board of Seidelmann-Scarborough Corp.; Spar, Shaft & Hull, Inc., which sold the yacht; Leigh Weiss, Spar's president; and Donald Weiss, Leigh's brother. Seidelmann and the two Weisses make their home in New Jersey rather than Massachusetts, and plaintiffs pleaded the residence of these defendants as New Jersey. *See generally* 15 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3805 (1976); *Shaw v. Quincy Mining Co.,* 145 U.S. 444, 449, 12 S.Ct. 935, 937, 36 L.Ed. 768 (1892) (dictum); *Schultz v. McAfee,* 160 F.Supp. 210, 212 (D.Me.1958) (" 're-

side' means 'are domiciled' "). The individual defendants have not consented to suit in Massachusetts, *cf. Olberding v. Illinois Central Railroad Co.,* 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39 (1953); *Martin v. Fishbach Trucking Co.,* 183 F.2d 53 (1st Cir.1950).

Finally, "the claim" did not arise in Massachusetts. As the district court pointed out in discussing personal jurisdiction, "every crucial event [in] ... this case happened outside Massachusetts." The case concerns a sale of a boat under a contract made outside of Massachusetts to a "foreign" corporation which took delivery of the boat in Delaware and found the boat (allegedly) inadequate during a later trip to Bermuda. We note that several minor, related events took place in Massachusetts: Rosenfeld first met Donald Weiss on Martha's Vineyard, Rosenfeld initiated several long-distance phone conversations with defendants while he was in Massachusetts; defendants twice mailed promotional material into Massachusetts; and High Beta and Spar signed a financing agreement in Massachusetts. But, whether one uses a "significant contacts" test, *see, e.g., Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1289 (9th Cir.1977) ("a claim arises in any district with which it has 'significant contacts' "), a "place of injury" test, *see, e.g., Grappone, Inc. v. Subaru of America, Inc.,* 403 F.Supp. 123, 133 (D.N.H. 1975) ("I agree that, in determining where the claim arose, courts should use the weight of the contacts test, but I also feel that the place of injury should be given great weight and consideration by the court"), a "convenience of the parties" test, *see, e.g., Leroy v. Great Western United Corp.,* 443 U.S. 173, 185, 99 S.Ct. 2710, 2717, 61 L.Ed.2d 464 (1979) (convenience to defendant arguably relevant under 28 U.S.C. § 1391(b)), or any other test that one can think of, these few peripheral contacts do not mean that the claim "arose" in Massachusetts.

This case does not belong in the Massachusetts district court and that court's judgment is consequently

*Affirmed.*