**JOHNS–MANVILLE SALES CORPORATION, Plaintiff-Appellee,**

**v.**

**UNITED STATES of America, Defendant-Appellant.**

**JOHNS–MANVILLE CORPORATION and Johns-Manville Sales Corporation, Plaintiffs-Appellees,**

**v.**

**UNITED STATES of America, Defendant-Appellant.**

**Nos. 85–1596, 85–1651.**

United States Court of Appeals, Tenth Circuit.

July 21, 1986.

Marc Richman, Attorney, Appellate Staff, Civ. Div. (Richard K. Willard, Asst. Atty. Gen., Robert N. Miller, U.S. Atty., for the Dist. of Colo., and Robert S. Greenspan, Atty., Appellate Staff, Civ. Div., with him on briefs), Dept. of Justice, Washington, D.C., for defendant-appellant.

C. Michael Montgomery, of Montgomery, Green & Jarvis (James K. Green, H. Keith Jarvis and John T. Van Voorhis, of Montgomery, Green & Jarvis, and Dennis H. Markusson, Robert Batson and Helen Marsh, of Johns-Manville Corp., of counsel, with him on brief), Denver, Colo., for plaintiffs-appellees.

---

Before McKAY and BALDOCK, Circuit Judges, and BROWN, District Judge.*

PER CURIAM.

This is an interlocutory appeal from a venue determination by the United States District Court for the District of Colorado, 601 F.Supp. 170 (1985). We consider only the single question that the district court certified for our review: Whether the plaintiffs can bring suit against the United States in Colorado as residents of that state under 28 U.S.C. §§ 1391(e), 1402(b) (1982). The plaintiffs' principal place of business is in Colorado, but they are incorporated respectively in New York and Delaware.

After reviewing the briefs and hearing oral argument, we join the view of other circuits and hold that the residence of a plaintiff corporation under those statutes is limited to the state of incorporation; it does not include other states where it may do business or have its principal place of business. *See Rosenfeld v. S.F.C. Corp.,* 702 F.2d 282, 283 (1st Cir.1983); *Reuben H. Donnelley Corp. v. FTC,* 580 F.2d 264, 269–70 (7th Cir.1978); *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1289 (9th Cir.1977); *American Cyanamid Co. v. Hammond Lead Products, Inc.,* 495 F.2d 1183, 1184–87 (3d Cir. 1974); *Manchester Modes, Inc. v. Schuman,* 426 F.2d 629 (2d Cir.1970); *Carter-Beveridge Drilling Co. v. Hughes,* 323 F.2d 417 (5th Cir.1963); *Robert E. Lee & Co. v. Veatch,* 301 F.2d 434, 435–38 (4th Cir.1961), *cert. denied,* 371 U.S. 813, 83 S.Ct. 23, 9 L.Ed.2d 55 (1962). Moreover, we hold that 28 U.S.C. § 1391(c) (1982) does not affect this determination because that subsection applies only to corporate defendants, not to corporate plaintiffs. *See, e.g., Rosenfeld,* 702 F.2d at 283.

Accordingly, the district court's contrary decision is reversed and remanded for further proceedings consistent with this opinion.

* Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation.