**VAN'S SUPPLY & EQUIPMENT, INC., Plaintiff,**

v.

**ECHO, INCORPORATED, Defendant.**

No. 88–C–959–C.

United States District Court, W.D. Wisconsin.

April 18, 1989.

As Corrected May 31, 1989.

Brian E. Butler, Stafford, Rosenbaum, Rieser & Hansen, Madison, Wis., for plaintiff.

Howard A. Pollack, Charne, Glassner, Tehan, Clancy & Taitelman, S.C., Milwaukee, Wis., Gerald L. Morel, Musada, Funai, Eifert & Mitchell, Ltd., Chicago, Ill., for defendant.

## ORDER

CRABB, Chief Judge.

Defendant has moved for reconsideration of an order entered on March 8, 1989 denying its motion to dismiss for improper venue and its alternative motion to transfer venue. Defendant asks that if the court denies its motion for reconsideration, an interlocutory appeal be certified pursuant to 28 U.S.C. § 1292(b). Upon reconsideration, I conclude that the previous order should be vacated because venue does not lie in this district, and that the suit should be transferred to the Eastern District of Wisconsin.

For the purpose of deciding defendant's motion for reconsideration, I find the following facts. Plaintiff is a Wisconsin corporation. In accordance with state law, its articles of incorporation are filed with the Secretary of State in Madison, Wisconsin. As its articles of incorporation indicate, its principal place of business is in Green Bay, Wisconsin, which is in the Eastern District of Wisconsin. Defendant is an Illinois corporation located in Illinois. It is not licensed to conduct business or maintain an office in Wisconsin, and does not do so. In recent years, defendant's only contact with the state of Wisconsin has been its delivery of various Echo products to plaintiff's Green Bay facility.

Federal jurisdiction is present. The parties are of diverse citizenship and there is an amount in controversy in excess of $10,-000. 28 U.S.C. § 1332.

Defendant raises a narrow issue in its motion for reconsideration: whether the residence of a corporate plaintiff is limited to one or more particular districts within the state in which it is incorporated, or whether it extends to the entire state. In the previous order, I held that a corporate plaintiff was a resident of every district of the state in which it was incorporated. In its motion for reconsideration defendant contends that a corporate plaintiff is a resident only of the district in which it is incorporated and that the district of incorporation is the district in the state of incorporation in which the corporation's registered office is located. The question is a

close one on which there is little law. No court appears to have considered the issue directly. However, after a review of the case law and the new arguments defendant has raised, I am persuaded that defendant's contention is correct and that plaintiff is a resident only of the district within this state in which it has its principal place of business. Because that district is the Eastern District of Wisconsin, venue does not lie in this district.

## Opinion

### 1. History of the Venue Statute

Prior to the enactment of the current venue statute, 28 U.S.C. § 1391, venue in diversity actions existed "only in the district of the residence of either the plaintiff or the defendant." § 51 of the Judicial Code, Act of March 3, 1911, 36 Stat. 1087, 1101, codifying Act of March 3, 1887, 24 Stat. 552, as corrected by Act of August 13, 1888, 25 Stat. 433. Whether corporations were plaintiffs or defendants, they were residents only of the state of their incorporation and, in multi-district states, were residents only of the district in which they had their principal place of business. *See Suttle v. Reich Bros. Construction Co.,* 333 U.S. 163, 166, 68 S.Ct. 587, 589, 92 L.Ed. 614 (1947); *Galveston, Harrisburg and San Antonio Railway Company v. Gonzales,* 151 U.S. 496, 504, 14 S.Ct. 401, 404, 38 L.Ed. 248 (1893). *See also Manchester Modes, Inc. v. Schuman,* 426 F.2d 629 (2d Cir.1970) (reviewing history of general venue statute); Comment, The Corporate Plaintiff and Venue Under Section 1391(c) of the Judicial Code, 28 U.Chi.L. Rev. 112, 113 n. 7 (1960). The Supreme Court addressed the question directly in *Galveston:* "if the corporation be created by the laws of a state in which there are two judicial districts, it should be considered an inhabitant of that district in which its general offices are situated, and in which its general business, as distinguished from its local business, is done." 151 U.S. at 504, 14 S.Ct. at 404. *See also Gorman v. A.B. Leach & Co.,* 11 F.2d 454 (2d Cir.1926) (look to certificate of incorporation to determine designated official residence).

When it enacted the current venue statute, Congress expanded the bases for venue of corporate defendants but left that for corporate plaintiffs essentially unchanged. The expansion was in response to "a general conviction that it was intolerable if the traditional concepts of 'residence' and 'presence' kept a corporation from being sued wherever it was creating liabilities." *Reuben H. Donnelley Corp. v. F.T.C.,* 580 F.2d 264, 269, (7th Cir.1978), quoting *Transmirra Products Corp. v. Fourco Glass Co.,* 233 F.2d 885, 887 (2d Cir.1956). 28 U.S.C. § 1391(a) retains a version of the traditional bases of venue: in diversity cases venue exists "only in the judicial district in where all plaintiffs or all defendants reside, or in which the claim arose." The venue of corporate defendants is expanded in 28 U.S.C. § 1391(c), which provides that a corporation may be sued "in any judicial district in which it is incorporated or licensed to do business, or is doing business and such judicial district shall be regarded as the residence of such corporation for venue purposes."

### 2. Relationship of § 1391(c) to Corporate Plaintiffs

■ After the changes in § 1391 were enacted, there remained a question whether corporate plaintiffs were covered by § 1391(c)'s expanded definition of the residence of corporate defendants. *See* Note, Federal Venue Over Corporations Under Section § 1391(c), 1978 Ga.L.Rev. 296, 301–302 and cases cited therein. Today, however, all of the courts of appeals that have considered the question of the application of § 1391(c) to corporate plaintiffs agree that the expanded definition of venue found in § 1391(c) does not apply to corporate plaintiffs and that their venue is determined solely under § 1391(a). *See Reuben H. Donnelley Corp.,* 580 F.2d at 264; *Johns–Manville Sales Corp. v. United States,* 796 F.2d 372, 372 (10th Cir.1986) (per curiam); *Rosenfeld v. S.F.C. Corp.,* 702 F.2d 282, 283 (1st Cir.1983); *Tenneco Oil Co. v. Environmental Protection Agency,* 592 F.2d 897, 899 (5th Cir.1979); *Data Disc, Inc. v. Systems Technology As-*

sociates, Inc., 557 F.2d 1280, 1289 (9th Cir. 1977); *American Cyanamid Co. v. Hammond Lead Products, Inc.*, 495 F.2d 1183, 1184 (3d Cir.1974); *Manchester Modes*, 426 F.2d at 630–32; *Robert E. Lee & Co. v. Veatch*, 301 F.2d 434, 436 (4th Cir.1961). Thus, corporate plaintiffs cannot base venue on the situs of their principal place of business or where they are doing business.

In most of the cases in which courts have concluded that § 1391(c) does not apply to corporate plaintiffs, they have done so on the basis of facts different from those here. Many times, a corporation incorporated in State A but doing business in or having its principal place of business in State B wishes to sue in State B. In holding that the corporation cannot sue in State B, the courts have not been consistent in stating where the corporate plaintiff may sue. Some say venue lies only in the "state of incorporation." *See, e.g., Rosenfeld v. S.F.C. Corp.*, 702 F.2d at 283; *Manchester Modes*, 426 F.2d at 632; *Mercantile Financial Corp. v. UPA Productions of America*, 551 F.Supp. 672, 674 (N.D.Ill. 1982); *Smith v. Murchison*, 310 F.Supp. 1079, 1089 (S.D.N.Y.1970). Some, quoting the Supreme Court's language in *Suttle*, have held that venue exists only in the "state and district of incorporation." *See, e.g., American Cyanamid Co. v. Hammond Lead Products, Inc*, 495 F.2d at 1184. Finally, some limit venue to the district of incorporation. *See, e.g., DC Electronics, Inc. v. Schlesinger*, 368 F.Supp. 1029 (N.D.Ill.1974).

The courts have not found it necessary to undertake a careful analysis of which district or districts in the state of incorporation might be a proper venue for the corporate plaintiff because they were not asked to decide that issue. In deciding that venue did not lie in State B, the courts did not have to determine whether venue in every district in State A would be proper.

As a result, these cases provide no guidance in deciding the question raised here.

■ Cases considering the venue of corporate defendants shed some light on the venue of corporate plaintiffs but are not determinative. Many courts have considered whether a corporate defendant incorporated or licensed to do business or doing business in one judicial district of a multi-district state should be considered a resident of every judicial district in the state. It is generally agreed that a corporation doing business in one district but not incorporated or licensed to do business in the state is suable only in the district in which it does business.[1] *See, e.g., Sassy Inc. v. Baby Care, Inc.*, slip op. 88–C–4223, 1988 WL 105326 (N.D.Ill. September 29, 1988); *McDaniel v. National Cash Register Co.*, slip op. 88–C–7779, 1988 WL 99197 (N.D.Ill. September 15, 1988); *Lockman v. Kenar Enterprises*, slip op. 83–C–1656 (N.D.Ill. June 29, 1984) (all requiring corporation to have been doing business in the judicial district); Note, The Scope of Federal Venue Over Corporations in Multi-district States, 71 Calif.L.Rev. 193, n. 4 (1983) (doing business in one district does not subject corporation to venue in other districts of a state). Courts do not agree whether a corporation incorporated or licensed to do business in a state is subject to venue in every district of the state. *See* Note, 71 Calif.L.Rev. at text accompanying note 7 and cases cited therein; *Note*, 1978 Ga.L.Rev. at 302–08. However, the majority of courts has held that a corporate defendant incorporated or licensed to do business in one judicial district of a multi-district state is suable in every district of that state. *See, e.g., Davis v. Hill Engineering, Inc.*, 549 F.2d 314 (5th Cir.1977); *Crawford & Co. v. Temple Drilling*, 655 F.Supp. 279 (M.D.La.1987); *Hartford Accident & Indemnity Co. v. Dalgarno Transportation Inc.*, 618 F.Supp. 1450 (S.D.Miss. 1985); *Dutka v. Southern Railway Co.*, 92

---

**1.** The cases cited in the text following this note support the holding in the previous decision in this case that § 1391(c) does not provide a basis for venue over the defendant in this district. Defendant is not incorporated in Wisconsin or licensed to do business in Wisconsin. Its business contacts have been limited to the Eastern District of Wisconsin. If it is "doing business" in the state by virtue of its business contacts with the state, it is doing business only in the Eastern District. Thus, it is suable only in the Eastern District.

F.R.D. 375 (N.D.Ga.1981); *Pope v. Missouri Pacific Railroad Co.*, 446 F.Supp. 447 (W.D.Okla.1978); *Richards v. Upjohn Co.*, 406 F.Supp. 405 (E.D.Mich.1976); *Note*, 71 Calif L.Rev. at notes 93–136. The courts that have taken this expansive view of venue for corporate defendants have based their analyses exclusively on the legislative history of § 1391(c). Because Congress enacted the section to expand venue for corporate defendants, it is appropriate to define venue broadly for corporate defendants. Defendants who are incorporated by the state and not a judicial district and who may do business throughout a state should be suable throughout the state.

However, it does not follow that the same rule should be applied to corporate plaintiffs. Congress has not chosen to expand venue for corporate plaintiffs; instead, it has maintained the narrow venue provisions. These provisions are essentially the same as those in § 51 of the Judicial Code, the predecessor to § 1391. The cases holding that defendant corporations are residents of every district of the state of their incorporation under § 1391(c) provide no guidance in formulating a narrower set of venue possibilities.

■ Furthermore, recent congressional legislation has contracted the venue of corporate defendants and in effect repudiated case law holding that corporate defendants are suable in every district of their state of incorporation. The Judicial Improvements and Access to Justice Act, Pub.L. 100–702 (Nov. 19, 1988) (eff. February 19, 1989), amends § 1391(c) to provide that corporations are suable wherever they are subject to personal jurisdiction. In multi-district states venue exists only in those districts within which the corporation's "contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." The legislation ensures that corporate defendants cannot be sued in districts within their state of incorporation with which they have no contacts.

Congress's decision to eliminate venue over corporate defendants in districts with which they do not have significant contacts is further support for holding that the broad interpretation of the preamendment version of § 1391(c) that finds corporate defendants to be suable throughout their state of incorporation should not be applied to corporate plaintiffs.

### 3. Possible Venue Rules

■ It is clear that for venue purposes a corporate plaintiff is a resident only within its state of incorporation. However, within that limitation, at least three different venue rules for corporate plaintiffs can be hypothesized: (1) a corporate plaintiff is a resident of every district of the state of its incorporation; (2) a corporate plaintiff is a resident only of the district in which its articles of incorporation are filed; or (3) a corporate plaintiff is a resident of only the district of its state of incorporation in which its principal place of business is located. In cases in which courts have decided which district or districts within a multi-district state constituted the residence of a corporate plaintiff, they have chosen one rule or another with no discussion and with no acknowledgment that there was a choice to be made. *See, e.g., Talent Services v. Jimmy Giles*, slip op. 85–C–1075, 1986 WL 3604 (N.D.Ill. March 14, 1986) (venue lies in district of state of incorporation in which principal place of business is located); *Strick Corp. v. A.J.F. Warehouse Distrib., Inc.*, 532 F.Supp. 951, 961 (E.D.Pa.1982) (because the plaintiff corporation is incorporated in the state of Pennsylvania it is a resident of the state and venue is proper in the Eastern District of Pennsylvania);

Each of the hypothesized rules has its disadvantages. The venue rules are designed to ensure that suits are brought in districts that have some natural relationship to the suit. Laying venue in every district of the state of incorporation allows plaintiff corporations to sue in districts that have no natural connection with the lawsuit: the claim did not arise there and no party "resides" there except in the extremely technical sense that the plaintiff would be a resident by virtue of its incorpo-

ration in the state. Furthermore, the rule would allow corporate plaintiffs to bring suit in many districts while a natural person could sue in only one district.

Laying venue only in the district where the articles of incorporation are filed would also lead to suits in districts having no rational connection to the suit. This problem already exists as a result of the current venue rules. A corporate plaintiff incorporated in Delaware but doing all its business outside the state is venued in Delaware. Thus, its venue is limited to a district which may have little relationship to its legal claims. Confining venue to the district in which the articles of incorporation are filed would exacerbate this problem by requiring a corporation that has offices and does business within the state of its incorporation to travel to the district in which the articles of incorporation are filed to bring suit even if it has no offices and does no business there. Prohibiting that corporation from bringing suit in the district in which it does have its office and does do business is at odds with the principles of convenience and rationality underlying venue.

The final proposal, laying venue in the district in the state of incorporation in which the principal place of business is located, avoids the disadvantages of the first two but has one notable drawback. Its application is unclear when, as is common, a corporation has no principal place of business in the state of its incorporation. If that state is a multi-district state, logically the venue of the corporate plaintiff would have to be either every district in the state or only the district in which the articles of incorporation were filed.[2] This issue is not presently before this court; I raise it only to point out another of the complexities in deciding the issue that is before the court. In this case, the corporate plaintiff's principal place of business, Green Bay, Wisconsin, is within the state of incorporation.

There are no obvious policy considerations to suggest that one of the three hypothesized rules is preferable. However, I have decided to adopt the rule that venue lies in the district in the state of incorporation in which the plaintiff's principal place of business is located because it is consistent with the Supreme Court cases construing the predecessor to the current venue statute. In *Galveston* and *Suttle* the Supreme Court stated explicitly that corporations are residents of the state and district of their incorporation and that the district of incorporation is determined by looking to where the corporation does business or has its principal place of business. *See* 151 U.S. at 504, 14 S.Ct. at 404; 333 U.S. at 166, 68 S.Ct. at 589. Congress has specifically amended this rule as it applies to corporate defendants, 28 U.S.C. § 1391(c), but it has refrained from making any changes that would extend to corporate plaintiffs. *See, e.g., Manchester Modes,* 426 F.2d at 632; 71 Calif.L.Rev. at notes 65–92 and materials cited therein. Furthermore, Congress has taken a step back towards applying the old rule to corporate defendants by amending the venue statute applicable to corporate defendants to restrict venue to districts in which the corporation has significant contacts. Pub. L. 100–702.

Almost one hundred years after its formulation, the older rule does not always apply neatly. In particular, when corporations are incorporated in one state and do all their business elsewhere, the rule provides little guidance. However, Congress's failure to change the venue of corporate plaintiffs when it changed that of corporate defendants and its recent amendment of venue for corporate defendants evince its intent to retain the earlier limitations of venue for corporate plaintiffs. Thus I find no reason to depart from the rule enunciated the Supreme Court cases construing the older venue statute as it applies to corporate plaintiffs.

**2.** It may be that most states require corporations to indicate a registered place of business within the state if the corporation has no principal place of business in the state. · In that case, it might be proper to define the registered place of business as the principal place of business and to adopt a universal rule that venue for corporate plaintiffs is limited to the district in the state of incorporation in which the principal place of business is located.

### Change of Venue

Because I have found that venue does not lie in this district, it is proper to consider defendant's motion for change of venue. A change of venue to another district in which venue is proper may be granted pursuant to 28 U.S.C § 1404(a) "[f]or the convenience of the parties and witnesses, in the interest of justice."

Defendant contends that the suit should be transferred to the Northern District of Illinois because the Northern District is more convenient for the parties and witnesses and because plaintiff breached the forum selection clause in the distributorship agreement between the parties by failing to bring suit in that district. Plaintiff contends that if transfer is required, justice would be better served by transferring the suit to the Eastern District of Wisconsin. Venue lies in both districts under § 1391(a) because defendant is a resident of the Northern District of Illinois and plaintiff is a resident of the Eastern District of Wisconsin.

In the previous order in this case I found that defendant would not be seriously inconvenienced if it could not defend the suit in the Northern District of Illinois. Furthermore, I found that it was in the interest of justice for the suit to be decided by a federal court sitting in Wisconsin. Plaintiff has sued defendant under the Wisconsin Fair Dealership Act. As I noted in my earlier opinion, the parties' contractual choice of the Northern District of Illinois as a forum is not decisive when deciding whether to change venue under 28 U.S.C. § 1404(a). *Stewart Organization, Inc. v. Ricoh Corp.*, — U.S. —, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). In this case Wisconsin has a strong interest in enforcing the Act and has provided that the remedial goals of the statute may not be circumvented by choice of law clauses. The Act presumes that the dealer, in this case the plaintiff, has the inferior bargaining position and thus its agreement to an out-of-state forum cannot be assumed to have been freely bargained. Furthermore, a federal court sitting in Wisconsin is more likely to be familiar with the intricate stat-ute and apply it correctly. These factors outweigh the parties' contractual preference for the Northern District of Illinois. *See Cutter v. Scott & Fetzer Co.*, 510 F.Supp. 905 (E.D.Wis.1981). The fact that defendant recently has added counterclaims based on Illinois law does not alter this analysis. Accordingly, the suit will be transferred to the Eastern District of Wisconsin.

It is admittedly rather incongruous that this suit will take place in a forum that neither party has chosen. However, where public policy dictates that the parties' contractual choice of the Northern District of Illinois should not determine venue and that venue in Wisconsin is desirable, but plaintiffs have brought suit in a district in Wisconsin in which venue does not lie and which has no relationship to the suit, this result is proper.

### ORDER

IT IS ORDERED that defendant's motion for reconsideration is GRANTED. It is further ORDERED that this suit is to be transferred to the Eastern District of Wisconsin.