Jeannette **TRANOR**, et al.

v.

Marion L. **BROWN**, D.O., et al.

**Civil Action No. 95–6176.**

United States District Court,
E.D. Pennsylvania.

Jan. 22, 1996.

---

Kristine Freyleue Collins, Alan L. Spielman, Ltd., Philadelphia, PA, for Jeannette Tranor and Richard Tranor.

Daniel F. Ryan, III and Maura K. Nolan, O'Brien and Ryan, Plymouth Meeting, PA, for Marion L. Brown, D.O.

Francis G. Wenzel, Jr., Rosenn, Jenkins and Greenwald, Wilkes–Barre, PA, for Mickey A. Vickers, Executrix of the Estate of Curtis W. Vickers, M.D. and Richard S. Hinkle, D.O.

C. Kent Price, Thomas, Thomas & Hafer, Harrisburg, PA, for Raj P. Chopra, M.D.

Francis E. Marshall, Jr., Marshall and Farrell, P.C., Camp Hill, PA, for Bloomsburg Hosp.

## MEMORANDUM

LUDWIG, District Judge.

By order of January 12, 1996 this action, upon motion of defendant Bloomsburg Hospital,[1] was transferred to the United States District Court for the Middle District of Pennsylvania. Fed.R.Civ.P. 12(b)(3); 28 U.S.C. §§ 1404, 1406.

This medical malpractice action involves four surgical procedures undergone by plaintiff Jeannette Tranor in 1993 at defendant hospital. Jurisdiction is diversity. 28 U.S.C.A. § 1332. The motion to dismiss was for improper venue or, in the alternative, to transfer to the Middle District—where the hospital is located.

### I.

"A civil action wherein jurisdiction is founded only on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State...." 28 U.S.C. § 1391(a)(1).[2] Venue is proper in the

---

1. Three individual defendants joined in this motion. The fourth did not do so. Ordinarily, where a claim against one defendant is subject to transfer, the entire action should be transferred. *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 296 (3rd Cir.1994).

2. Section 1391(a)(2) permits venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ..." 28 U.S.C. § 1391(a)(2). Here, no portion of the claim took place in this district.

Eastern District only if Bloomsburg Hospital jurisdictionally "resides" in this district.[3]

In multi-district states, a corporation resides in "any district in that state within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, ..." 28 U.S.C. § 1391(c). Bloomsburg Hospital has not been shown to have sufficient contacts for personal jurisdiction in this district. As defined in § 1391(c), it is, therefore, not a district resident.

According to plaintiffs, Bloomsburg Hospital's registration as a Pennsylvania corporation makes it subject to suit in any district within the State. Under Pennsylvania law: "The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction ... (2) Corporations.—(i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth." 42 Pa.C.S.A. § 5301(a)(2)(i). Plaintiffs equate domestic registration of a corporation under Pennsylvania jurisdictional law with "residence" for the purpose of federal venue under 28 U.S.C. § 1391(c). Their argument is that a Pennsylvania corporation "resides" in all three federal districts in the State, regardless of its "contacts" in a particular district.

Plaintiffs' contention was correct under prior § 1391(c) analysis. However, a 1988 amendment (effective Feb. 19, 1989) changed the law. "A corporation may [have been] sued in any judicial district in which it [was] incorporated or licensed to do business or [was] doing business, and such judicial district be regarded as the residence of such corporation for venue purposes." 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3811 (1986) (quoting 28 U.S.C. § 1391(c) (1948)).[4]

■ As set forth in the 1988 amendment, venue does not lie against a corporation in a multi-district state solely because of its corporate status. The revised provision does not distinguish between domestic and foreign corporations. "[S]ince a corporation that duly licenses itself under state law is authorized to do business anywhere in the state, the 'licensing' standard would, in a state with several districts, X, Y, Z, make any district in that state a proper venue in an action against a corporate defendant even if all of the corporation's activities were in X district alone. It was this alternative that Congress, citing a Judicial Conference recommendation, sought to eliminate with the 1988 amendment." David D. Siegel, *Commentary on 1988 and 1990 Revisions of Section 1391*, 28 U.S.C.A. § 1391, 7 (1989). "The [§ 1391(c)] legislation ensures that corporate defendants cannot be sued in districts within their state of incorporation with which they have no contacts." *Van's Supply & Equipment, Inc. v. Echo, Inc.*, 711 F.Supp. 497, 501 (W.D.Wis. 1989).[5] *See Bicicletas Windsor v. Bicycle Corp. of America*, 783 F.Supp. 781, 786 (S.D.N.Y.1992) (foreign corporation licensed to do business in New York).

Here, there has been no proffer to show any contacts of Bloomsburg Hospital with

---

**3.** It is conceded that all of the other defendants physically reside in the Bloomsburg area—i.e., within the Middle District.

**4.** The 1988 amendment replaced subsection § 1391(c) as follows:

For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district ... such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, ...

**5.** The legislative history of the 1988 amendment illuminates this point. According to the report of the House Judiciary Committee, the former venue statute "read literally ... appears to make venue proper in any district in a multidistrict state in which a corporation is incorporated, or licensed to do business or is doing business. The Committee concluded that a corporation for venue purposes should be deemed to reside in any judicial district in which it was subject to personal jurisdiction at the time the action was commenced." H.R.Rep. No. 889, 100th Cong., 2nd Sess.1988, U.S.Code Cong. & Admin.News, p. 5982.

this district. Inasmuch as no defendant "resides" here, venue on this basis is improper.[6]

## II.

 Alternatively, this action should be transferred to the Middle District under 28 U.S.C. § 1404(a).

 "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a). While the discretion to transfer is broad, defendants have the burden of establishing its propriety. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir.1995). Consideration should be given to "[a]ll relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (quoting 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters, § 3847 (2nd ed. 1986)). Both "private and public interests [are] protected by the language of § 1404(a)." *Id.*[7]

 Here, since plaintiffs, non-district residents, have no connection with this district, their choice of forum is not entitled to great weight. *See Piper Aircraft Company v. Reyno*, 454 U.S. 235, 256, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981); *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 179 (3rd Cir.1991). Most of the relevant factors favor transfer to the Middle District. The alleged medical malpractice that forms the basis of the action occurred within the Middle District. Most if

not all of plaintiff wife's medical treatment records are located there, at the Bloomsburg Hospital. Def.Mot.Dis., Ex.B. at 3. In addition to the individual defendants, the doctors and hospital staff who assisted them, reside and work in or near Bloomsburg.[8] Verification by defendant hospital's counsel, ¶ 5.

---

**6.** Under § 1406(a), the action must be dismissed or transferred. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

**7.** These interests include plaintiff's forum preference, defendant's forum preference, where the claim arose, convenience of parties, convenience of witnesses to the extent they may be unavailable in one fora, the location of books and records to the extent they could not be produced in the alternative fora, enforceability of the judgment, judicial administrative considerations, and

the local interest in deciding local controversies "at home." *Jumara*, 55 F.3d at 879.

**8.** Plaintiffs and plaintiffs' medical witnesses are in Florida. The cost and inconvenience of traveling to the Middle District versus this district are not disproportionate. Two international airports exist in the Middle District. However, there would be increased costs and inconvenience to defendants and their witnesses if the action is not transferred. Plaintiffs' counsel appear to be the sole participants who reside within this forum. This factor is not to be given material weight in venue analysis. *Celbusky v. Delaware & Hudson Railway Company*, 590 F.Supp. 934, 936 (E.D.Pa.1984).