74 F.3d 1242
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Denis TSIRONIS, Plaintiff-Appellant,
v.
BISMARCK HOTEL, Defendant-Appellee.
 No. 95-1731.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 13, 1995.
Decided Jan. 12, 1996.
 
 Before ESCHBACH, COFFEY and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Appellant Denis Tsironis ("Tsironis") appeals the district court's denial of his motion under Fed.R.Civ.P. 60(b) to reinstate his previously dismissed action. We affirm.
 
 I. FACTS
 
 2
 Tsironis was fired from his position as a waiter at the Bismarck Hotel. Proceeding pro se, he filed a five count complaint alleging sexual harassment and age discrimination. The district court appointed Anthony Pinelli ("Pinelli") to represent Tsironis in the case. After appellee's motions to dismiss and for summary judgment, only one of Tsironis's claims survived--that the Bismarck Hotel discriminated on the basis of age in assigning waiters to tables and parties. Pinelli requested that the court hold a settlement conference. (Record # 52-1 at 7). The parties settled the case for $600 at the conference, and filed a stipulated dismissal with prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(ii), on the same day. Judgment was entered pursuant to the stipulation on April 12, 1993.
 
 
 3
 Nearly two years later, on January 11, 1995, Tsironis, represented by new counsel, presented a motion under Fed.R.Civ.P. 60(b) for relief from the judgment. (Record # 39). Tsironis argued, citing no authority, that the judgment was void because the settlement agreement was void. Tsironis argued the settlement was void because: (1) he did not understand it because of his limited English skills; (2) his prior attorney did not explain the agreement; (3) he thought Judge Leinenweber had told him that if he did not sign the agreement the case would be decided against him; and (4) he was intoxicated at the settlement conference. (Record # 39, Exhibit B). Judge Leinenweber denied the motion and stated that Tsironis had understood what was going on at the settlement conference and had been represented by counsel. (Id. at 3, 5-6). Judge Leinenweber further stated that he had never told Tsironis that he had to sign the agreement, and that the strongest statement he would have made was that his "evidence wasn't compelling." (Id. at 5).[1]
 
 II. ANALYSIS
 
 4
 On appeal, Tsironis maintains that he was entitled to relief under Fed.R.Civ.P. 60(b)(4).[2] Tsironis argues that the judgement was void because the underlying settlement agreement was void. Tsironis maintains that the settlement is void because he did not understand the agreement, he was coerced by Judge Leinenweber, and he was incompetent to sign the agreement due to his intoxication. Tsironis argues that Judge Leinenweber acted in a manner inconsistent with due process by holding a conference designed to coerce settlement, allowing the settlement despite knowing Tsironis did not understand it, and permitting a settlement that was inequitable.
 
 Rule 60(b) provides, in relevant portion:
 
 5
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void; .... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.... Fed.R.Civ.P. 60(b).
 
 
 6
 Relief under Rule 60(b) is an extraordinary remedy that is granted only in exceptional circumstances. Dickerson v. Board of Education of Ford Heights, Ill., 32 F.3d 1114, 1116 (7th Cir.1994). A court's denial of a Rule 60(b) motion is generally reviewed for abuse of discretion. United States v. Indoor Cultivation Equipment From High Tech Indoor Garden Supply, 55 F.3d 1311, 1313 (7th Cir.1995). When the motion is pursuant to Rule 60(b)(4), however, the review is plenary, as it is a per se abuse of discretion for a district court to deny a motion to vacate a void judgment. Id. at 1317. A judgment is void for purposes of Rule 60(b)(4) if the court that rendered it lacked jurisdiction over the subject matter or parties, acted inconsistently with due process, or entered an order outside its legal powers. Id. at 1316; In the Matter of Edwards, 962 F.2d 641, 644 (7th Cir.1992).
 
 
 7
 Tsironis's claim fails at the outset. His entire theory is based upon his belief that because the settlement agreement is allegedly void the judgment is also void. He cites no authority for the rather odd proposition that the settlement agreement and the judgment are somehow proxies for each other. The settlement is not an order of the court; it is simply a contract between the parties. See generally Laserage Technology Corp. v. Laserage Laboratories, Inc., 972 F.2d 799, 802 (7th Cir.1992). The court's order dismissing the case was based on the parties' stipulation of dismissal, pursuant to Fed.R.Civ.P. 41.
 
 
 8
 The judgment is obviously not void.[3] The court had both personal jurisdiction and subject matter jurisdiction in this case. Further, the court was clearly acting within its legal authority in dismissing the case pursuant to the parties' stipulation under Rule 41. Nevertheless, Tsironis raises three arguments that Judge Leinenweber acted in a manner inconsistent with due process: (1) by holding a pretrial conference that was intended to coerce a settlement; (2) by permitting a settlement that Tsironis did not understand; and (3) by allowing a settlement that was inequitable.
 
 
 9
 A district court is not permitted to coerce a settlement. G. Heileman, 871 F.2d at 653. Imposing sanctions on a party that did not wish to settle under terms the district judge thought appropriate would constitute coercion by the district judge. See Kothe, 771 F.2d at 669. However, there is no indication any coercion took place in this case. There is nothing improper about holding a settlement conference, and the rules of procedure plainly provide for such conferences. See Fed.R.Civ.P. 16. Further, Judge Leinenweber did not order a settlement conference; it was requested by Tsironis's attorney. In addition, Tsironis only asserted that "he believed" Judge Leinenweber told him that he would get nothing if he failed to sign the agreement. Not only is this contention refuted by Judge Leinenweber, if true it would merely constitute a mistake, which should have been rectified by Tsironis's attorney. At oral argument, when asked precisely what Judge Leinenweber did that was coercive, counsel could only respond that the judge did not make sure Tsironis understood his options. That was not the district judge's job; it was counsel's. Judge Leinenweber engaged in no improper conduct.
 
 
 10
 Tsironis's other arguments are also unpersuasive and unsupported by authority. He never explains how the low value of the settlement indicates a lack of due process. Further, his claimed lack of understanding is irrelevant. "[A] party who agrees to terms in writing without understanding or investigating those terms does so at his own peril." Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753, 757 (7th Cir.1992). More significantly, Tsironis was represented by counsel, and it was counsel's duty to represent Tsironis's interests. If counsel erred in failing to do so, Tsironis is bound by counsel's errors and they provide no basis for Rule 60(b) relief. See generally United States v. 7108 West Grand Ave., Chicago, Illinois, 15 F.3d 632, 633 (7th Cir.1994), cert. denied, 114 S.Ct. 2691 (1994). See also Indoor Cultivation Equipment, 55 F.3d at 1318 (a client's remedy in such circumstances is a malpractice suit against the attorney). Lastly, we note that Tsironis waited nearly two years to file his Rule 60(b) motion. Given he was aware of the alleged "defects" in the settlement and judgment almost immediately, it is difficult to comprehend how his counsel could have concluded that his motion was filed within a "reasonable time". See Fed.R.Civ.P. 60(b).
 
 III. CONCLUSION
 
 11
 For the reasons given above, the district court is AFFIRMED.[4]
 
 
 
 [1]
 On February 17, 1995, Tsironis moved to reconsider, pursuant to Fed.R.Civ.P. 59(e). (Record # 41). This motion largely rehashed the arguments in the prior motion, but cited two cases which discussed overzealous district judges forcing settlement, G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir.1989) and Kothe v. Smith, 771 F.2d 667 (2nd Cir.1985). Judge Leinenweber denied the motion on February 17, 1995. (Record # 42)
 
 
 [2]
 As an initial matter, we note the appellee erroneously contends that we lack jurisdiction to hear Tsironis's claims relating to his Rule 60(b) motion. Judgment was entered on January 12, 1995, but Tsironis's motion under Rule 59(e) was not served upon the appellee until January 26, 1995. A Rule 59(e) motion is timely if it is served within 10 days after the entry of judgment. Fed.R.Civ.P. 59(e). However, under Fed.R.Civ.P. 6(a), weekends and holidays are excluded in calculating the ten-day period. Thus, the Rule 59(e) motion was timely served and tolled the time to appeal pursuant to Fed.R.App.P. 4(a)(4)
 
 
 [3]
 We also observe that the settlement agreement is not void either. None of the alleged grounds would relieve a represented party of his obligations under the agreement
 
 
 [4]
 Appellee has moved for sanctions under Fed.R.App.P. 38. While we find Tsironis's counsel's conduct questionable, we conclude sanctions are not appropriate