**PAPER EXPRESS, LIMITED,**
an Illinois corporation,
**Plaintiff–Appellant,**

v.

**PFANKUCH MASCHINEN GmbH, a**
German corporation, **Defendant–**
**Appellee.**

No. 90–3589.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 14, 1992.

Decided Aug. 11, 1992.

James McConnell, Beverly L. Bailey (argued), Peter I. Mason, Thomas W. Flannigan, Freeborn & Peters, Chicago, Ill., for plaintiff-appellant.

Michael T. Brody, Jenner & Block, Chicago, Ill., Richard J. Sankovitz (argued), Bruce G. Arnold, Whyte & Hirschboeck, Milwaukee, Wis., for defendant-appellee.

Before CUDAHY, COFFEY and MANION, Circuit Judges.

CUDAHY, Circuit Judge.

Paper Express, Ltd., an Illinois company, appeals from the dismissal for want of proper venue of a breach of warranty action brought in the district court. The principal issue on appeal is whether the parties' contract included a valid forum-selection clause providing for exclusive venue in Germany. We affirm.

## I.

In late 1987, an employee of Paper Express traveled to Canada to discuss the possibility of purchasing copying equipment manufactured by Pfankuch Maschinen, a German company, with Loach Systems, Inc., a Pfankuch agent.[1] In March 1988, Paper Express negotiated to purchase a collating machine from Pfankuch for approximately $200,000. There was nothing exceptional about the negotiation process: Pfankuch prepared several price quotations and on March 21 issued its final quotation; on March 31, Paper Express responded by sending a purchase order to Pfankuch, along with a check for $75,000 which Pfankuch promptly cashed. Pfankuch later sent an acknowledgment of the order to Paper Express. In November 1988, the collating equipment was delivered and installed at Paper Express's plant in Des Plaines, Illinois. The equipment never worked as promised, and Paper Express commenced this action in the district court seeking damages in an amount in excess of $872,000.

Pfankuch filed a counterclaim for the balance of the purchase price Paper Express had refused to pay.[2] At the same time it moved to dismiss the complaint for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) relying on a clause asserted to be a forum-selection clause contained in all of the relevant documents—the price quotations, the purchase order issued by Paper Express and the acknowledgment issued by Pfankuch. The clause reads: "Warranty: 6 months according to the rules of VDMA and ZVEI. The warranty includes six months parts and three months labor from the time the machine is erected in Paper Express's factory." The VDMA, or the Verband Deutscher Maschinen-und Anlagenbau e.V., is an association of German machine manufacturers that promulgates a set of standard commercial terms. According to the rules of the VDMA, the supplier's principal place of business is the forum for resolving all contractual disputes; in this case that would be Ahrensburg, the

1. Loach was originally a defendant in this case but has since settled with Paper Express and is no longer a party to this appeal.

2. The district court's Memorandum Opinion did not specifically dispose of Pfankuch's counterclaim, although its judgment purported to dismiss the entire "case." There was thus initially some question as to whether a pending counterclaim remained, rendering the judgment nonfi-nal. *See In re Berke,* 837 F.2d 293 (7th Cir. 1988). The parties have briefed the jurisdictional issue, and it is now clear that the counterclaim is defunct and that the district judge intended to dismiss the entire case. Since "circumstances make it obvious that nothing remains to be done," this appeal is proper under 28 U.S.C. § 1291. *Trzcinski v. American Cas. Co.,* 901 F.2d 1429, 1431 (7th Cir.1990).

town in northern Germany where Pfankuch is located.[3] The district court granted the motion to dismiss, finding that the clause incorporated the VDMA venue rule.

## II.

■ Before examining the validity of the purported forum-selection clause, we must consider whether the clause is indeed a forum-selection clause. Paper Express contends that the clause, which on its face does not refer to venue, is nothing more than a warranty provision and that the words "according to the rules of VDMA" relate only to the length of the warranty. But surely this cannot be correct. In construing contracts, every provision should be given effect and the words should be read with their ordinary meaning. *First Commodity Traders, Inc. v. Heinold Commodities, Inc.,* 766 F.2d 1007, 1014 (7th Cir.1985); *Hanley v. James McHugh Constr. Co.,* 444 F.2d 1006, 1009 (7th Cir. 1971). The clause in this case specifically details the length of the warranty ("Warranty: 6 months ...") so Paper Express's reading would render the additional words "according to the rules of VDMA" surplusage. Nor is "warranty" so narrow a term as to be incompatible with the concept of venue. Indeed, frequently warranty provisions do include terms that specify how and where warranty claims are to be resolved. *See, e.g., Wick v. Atlantic Marine, Inc.,* 605 F.2d 166, 167 (5th Cir.1979); *Martin Marietta Aluminum, Inc. v. General Elec. Co.,* 586 F.2d 143, 145 (9th Cir.1978). The words "according to the rules of VDMA" add something to this provision in addition to the length of the warranty. "According to" is commonly defined as "agreeing with, consistent with, or answer-

ing to." I *Oxford English Dictionary* 83 (2d ed.1989). Thus, the parties agreed that the warranty is to be read in a manner consistent with "the rules of VDMA." It is apparent from this language and the use of the plural "rules" that the parties agreed to incorporate more than just the VDMA rule regarding the length of the warranty. The only meaningful reason for including the provision in question was to incorporate the VDMA rules, including the VDMA venue provision.

■ Having established that there is a forum-selection clause, we now consider its specific requirements. The VDMA venue provision states:

In all disputes arising out of the contractual relationship, the action shall be filed in the court which has jurisdiction for the principal place of business of the supplier, or its branch office which is carrying out the delivery, if the purchaser is a qualified businessman, a legal entity created by law, or a fund created by public law. The supplier also has the right to commence an action against the purchaser at the purchaser's principal place of business.

The central issue is whether the clause is permissive or mandatory. Paper Express argues that the language is permissive, being only a consent to litigate in Germany, and thus may be read to permit venue in Illinois. Pfankuch contends that the clause is mandatory, vesting jurisdiction and venue exclusively in Germany.

We note first that Paper Express did not argue in the district court that the VDMA provision is permissive, but only that it was not part of the parties' contract. While this might ordinarily result in a waiver of the argument, Pfankuch has not argued

---

**3.** In the district court, Pfankuch placed additional reliance on the following provision contained (in German) in its order acknowledgment and also based on the VDMA rules:

In the event the contracting party is a qualified businessman within the meaning of §§ 1, 2, 3, 5 and 6 of the Commercial Code, or does not have a general domestic place of jurisdiction, it is agreed that the place of jurisdiction for all disputes resulting from this contract is the court of Ahrensburg and, in the event these conditions are not met, that summary

collection proceedings will be handled by the administrative court in Ahrensburg.
Exclusive place of jurisdiction is Ahrensburg.
Place of performance is Ahrensburg.

Paper Express responded below that the order acknowledgment was not part of the contract and that it had not received the pages on which the above language was printed. On appeal, Pfankuch relies only on the "6 months according to the rules of VDMA" clause, and not on the quoted provision of the order acknowledgment.

that the issue has been waived, and we proceed to consider it on the merits.

Paper Express relies on several cases that have interpreted similar clauses as permissive. In *All–Tech Industries, Inc. v. Freitag Elec., GmbH,* No. 87 C 10690, 1988 WL 84719, at *2, 1988 U.S. Dist. LEXIS 8856, at *5 (N.D.Ill. Aug. 5, 1988), the court considered a clause that read "Place of jurisdiction is Bad Segeberg, F.R.G." and held it permissive, noting that the clause "does not state that West Germany is the exclusive jurisdiction for adjudicating disputes arising under the contract; it merely declares a consent to the venue and jurisdiction of a West German court if either party is sued there." In *Pioneer Life Ins. Co. v. Anderson,* No. 88 C 20249, 1988 WL 143726, at *1, 1988 U.S. Dist. LEXIS 15320, at *5 (N.D.Ill. Dec. 21, 1988), the court held the clause "Winnebago County, Illinois shall be the place of jurisdiction for service and legal purposes" permissive, noting that "the clause does not state that Illinois is the 'exclusive' place to bring a suit under the contract." [4]

The forum-selection clauses in *All–Tech Industries* and *Anderson* are distinguishable from the forum-selection clause presently under scrutiny because of the additional sentence in the present provision stating that "[t]he supplier also has the right to commence an action against the purchaser at the purchaser's principal place of business." This language supports a finding that the clause confers exclusive jurisdiction because the sentence in question would be appropriate and meaningful only if the clause were in fact mandatory. Thus, if the clause were permissive, the additional sentence would be redundant. The specific reservation of the supplier's *right* to file suit at the purchaser's place of business demonstrates that the clause was in all *other* respects mandatory and exclusive.

The very language of the VDMA venue provision further supports a finding that the clause is mandatory. The language is obligatory. The phrase "shall be filed," coupled with the phrase "all disputes," clearly manifests an intent to make venue compulsory and exclusive. In *Docksider, Ltd. v. Sea Technology, Ltd.,* 875 F.2d 762, 763–64 (9th Cir.1989), the court construed the language "[v]enue ... shall be deemed to be in Gloucester County, Virginia" as mandatory and exclusive. In *Sterling Forest Assoc., Ltd. v. Barnett–Range Corp.,* 840 F.2d 249, 250 (4th Cir.1988), the court held the following provision mandatory: "This Agreement shall be construed and enforced in accordance with the laws of the State of California and the parties agree that in any dispute jurisdiction and venue shall be in California." Numerous other courts have construed similar language as conferring exclusive jurisdiction. *See, e.g., In re Fireman's Fund Ins. Cos.,* 588 F.2d 93, 94 (5th Cir.1979) ("venue ... shall be laid in the County of Essex"); *Intermountain Sys., Inc. v. Edsall Constr. Co.,* 575 F.Supp. 1195, 1197 (D.Colo.1983) ("venue shall be in Adams County, Colorado"); *Gordonsville Industries v. American Artos Corp.,* 549 F.Supp. 200, 204 (W.D.Va. 1982) ("the place for litigation shall be the [Civil Court] in Bochum, Germany"); *Hoes of Am., Inc. v. Hoes,* 493 F.Supp. 1205, 1206 (C.D.Ill.1979) ("[a]ny court procedures shall be held in Bremen"); *Taylor v. Titan Midwest Constr. Corp.,* 474 F.Supp. 145, 148 (N.D.Tex.1979) ("venue shall be ... [where] the principal offices of the Contractor are located"); *Public Water Supply Dist. No. 1 v. American Ins. Co.,* 471 F.Supp. 1071, 1071 (W.D.Mo.1979) ("venue shall lie in Mercer County, State of Missouri"); *Full–Sight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71, 72 n. 3 (S.D.N.Y.1978) ("suit ... shall be brought in either San Diego or Los Angeles County"); *General Elec. Co. v. City of Tacoma,* 250 F.Supp. 125, 125 n. 1 (W.D.Wash.1966) ("venue ... shall be in the Superior Court

---

**4.** Paper Express also cites *Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal,* 859 F.2d 1302 (7th Cir.1988), a case in which we declined to enforce a forum-selection clause ("the Courts of Saudi Arabia shall have exclu-

sive jurisdiction"). In *Weidner,* however, we found that the clause did not even operate because it was triggered only "after all payments have been paid"; thus, we were not actually interpreting the clause.

of the State of Washington in and for the County of Pierce").

■ The law is clear: where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive. *Docksider, Ltd.,* 875 F.2d at 764. We conclude that the language of the VDMA venue provision clearly and unmistakably designates the supplier's principal place of business as the exclusive forum.

Next, Paper Express argues that the VDMA venue rule does not apply to this contract because Paper Express is not a qualified businessman under the VDMA. The German Commercial Code ("Handelsgesetzbuch," or HGB) broadly defines a qualified merchant as one who engages in the processing of merchandise. *The German Commercial Code* § 1(2)(2) (Goren & Forrester trans.). We think that Paper Express clearly fits the HGB definition, and therefore falls within the scope of the VDMA venue provision. Paper Express also argues that the VDMA rules apply only to domestic transactions. This point, however, is raised for the first time in the reply brief and is therefore waived. *See* Circuit Rule 28(f); *Egert v. Connecticut Gen. Life Ins. Co.,* 900 F.2d 1032, 1035 (7th Cir.1990). Moreover, even if the VDMA rules do not apply *by their own force* to the transaction at issue here, the parties could still choose to incorporate them into their contract.

■ Like any contract provision, a forum-selection clause will be enforced unless enforcement would be unreasonable or unjust or the provision was procured by fraud or overreaching. *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972); *Northwestern Nat'l Ins. Co. v. Donovan,* 916 F.2d 372, 375 (7th Cir.1990). Paper Express claims that the clause is invalid for all of these reasons.

■ First, Paper Express asserts fraud in that it was unlikely that anyone at Paper Express read the VDMA since the rules are in "extremely fine print" and are in German. An inference of fraud may arise if a clause is actually buried in illegible fine print, and fraud, of course, is a defense to a contract. *Donovan,* 916 F.2d at 377. But it is a fundamental principle of contract law that a person who signs a contract is presumed to know its terms and consents to be bound by them. 3 Arthur L. Corbin, *Corbin on Contracts* 607 (1989); 13 Samuel Williston, *Williston on Contracts* 1577 (1988). Nothing excuses Paper Express for its failure to read its own purchase order which incorporated the rules of the VDMA by reference. Nor does the fact that the rules were in German preclude enforcement of the contract. In fact, a blind or illiterate party (or simply one unfamiliar with the contract language) who signs the contract without learning of its contents would be bound. Mere ignorance will not relieve a party of her obligations and she will be bound by the terms of the agreement. *Samson Plastic Conduit & Pipe Corp. v. Battenfeld Extrusionstechnik GmbH,* 718 F.Supp. 886, 890–91 (M.D.Ala.1989); *Gaskin v. Stumm Handel GmbH,* 390 F.Supp. 361, 366–67 (S.D.N.Y.1975); John D. Calamari, *Duty to Read—A Changing Concept,* 43 Fordham L.Rev. 341, 346–47 (1974). We live in a global economy and contracts between parties of different nationalities, and speaking different languages, are commonplace. But a party who agrees to terms in writing without understanding or investigating those terms does so at his own peril. *United States v. Stump Home Specialties Mfg., Inc.,* 905 F.2d 1117, 1120 (7th Cir.1990). In the instant case, although the print is not large, it is legible; and even though Paper Express may not be fluent in German, we are confident that with the aid of a German–English dictionary, or, even better, a translator, Paper Express could have mastered the rules of the VDMA, which are only two pages long.

■ Second, Paper Express contends that Pfankuch made misrepresentations to the effect that "VDMA" referred only to the length of the warranty and to the fact that all the parts used in manufacturing

**758**

the machinery would be "U.L. listed." But reliance on such representations is subject to a rule of reasonableness. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1291 (7th Cir.1989). As the district court found, if Paper Express relied on Pfankuch's alleged statements about the VDMA, such reliance was unreasonable since Paper Express had an opportunity to read the VDMA for itself. The parties to this contract are both sophisticated businesses engaged in international commerce, and Paper Express's purported reliance on an oral explanation contrary to the ordinary meaning of its own purchase order and of the rules to which its order referred would be unreasonable.

Third, Paper Express contends that the forum-selection clause is invalid because the parties did not expressly bargain for the provision. In *Carnival Cruise Lines, Inc. v. Shute*, — U.S. —, — —, 111 S.Ct. 1522, 1524–27, 113 L.Ed.2d 622 (1991), addressing the validity of a forum-selection clause, the Supreme Court enforced the clause even as part of a form contract and even though not the subject of negotiation. As we noted in *Donovan*, "Ours is not a bazaar economy in which the terms of every transaction, or even most transactions, are individually dickered." 916 F.2d at 377. Again, the parties to this contract are two sophisticated businesses, and nothing in the record indicates that Paper Express was vulnerable or disadvantaged in the negotiations. Hence, Paper Express's contention based on the absence of negotiation must be rejected.

Finally, Paper Express argues that the forum-selection clause is unreasonable and unenforceable because as a practical matter it would be inconvenient and costly to litigate in Germany. In addition, Paper Express contends that it would be nearly impossible to proceed with its suit in Germany because the witnesses and physical evidence are located in Illinois. The *Bremen* Court held that an otherwise valid forum-selection clause may be unreasonable and unenforceable if the chosen forum is significantly inconvenient for trial. *Bremen*, 407 U.S. at 16, 92 S.Ct. at 1916.

However, the *Bremen* Court also held that the party seeking to escape the contract must demonstrate that "the forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.* at 18, 92 S.Ct. at 1917. But additional expense does not necessarily invalidate a forum-selection clause since Paper Express was presumably compensated for this burden by way of the consideration it received under the contract. *Donovan*, 916 F.2d at 378; *Gordonsville Industries*, 549 F.Supp. at 205. In any event, Paper Express simply has not made a showing, in the district court or in this court, that enforcement of the forum-selection clause would be unjust.

## III.

For these reasons, the judgment of the district court dismissing the case for improper venue is AFFIRMED.