**VINCENT UNION (INTERNATIONAL), LTD., Plaintiff,**

v.

**COPYRIGHT PRODUCTS, INC., et al., Defendants.**

No. 94 C 6863.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 17, 1995.

Richard J. Grossman, Steinberg, Burtker, Grossman, Ltd. and Howard Gordon Kaplan, Leonard J. Brewer, Chicago, IL, for plaintiff.

John J. Harhen, Mover and Harhen, Chicago, IL, for defendants.

*MEMORANDUM OPINION
AND ORDER*

SHADUR, Senior District Judge.

Two of the three defendants in this diversity-of-citizenship action—Michael and Thirza Ann Elliott (collectively "Elliotts")—have filed a motion to dismiss Count II of the Complaint filed by Vincent Union (International), Ltd. ("Vincent Union"). Elliotts claim that this Court lacks jurisdiction over that count, the only one in which they are named. For the reasons stated in this memorandum opinion and order, Elliotts' motion is denied out of hand.

As a preliminary procedural matter, their motion has simply been filed, without the accompanying notice of presentment required by this District Court's General Rule ("GR") 12 (b). GR 12(i) would permit this Court (1) to wait out a 10–day period of time and then, absent Elliotts having tendered a notice of presentment, (2) to deny the motion on a purely procedural basis. But in this instance the obvious lack of merit in the motion can best be addressed in substantive terms so that the action can proceed in an orderly manner.

my concern in case of any further proceedings in this case.

Elliotts are sued in Count II for something over $1 million as guarantors of the obligations of Copywrite Products, Inc.[1] under a three-paragraph letter agreement. Here is the third paragraph of that agreement in its entirety:

> This guarantee is governed by the laws of Hong Kong and any controversy or claim arising out of or relating to this guarantee shall be within the jurisdiction in Hong Kong.

As Elliotts would have it, that language deprives this Court of jurisdiction to hear this action. But that is simply wrong, for under the law the quoted type of provision is purely permissive—it merely reflects a *consent* and not a mandate to litigate in Hong Kong, so that Vincent Union may choose venue here instead if it wishes (*Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 755–57 (7th Cir.1992)). Here the language of the document contrasts directly with what was found to dictate a different result in *Paper Express*, a conclusion that is confirmed by that opinion's closing summary following its analysis of the problem (*id.* at 757):

> The law is clear: where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.

Here "only jurisdiction is specified," and no other language commands exclusivity. That alone is enough to require the denial of Elliotts' motion. But an additional observation may be in order. From the underlying guaranty letter itself it would seem that the consent to jurisdiction in a Hong Kong court (over and above the choice-of-law provision pointing to Hong Kong) is something that was intended for the benefit of Vincent Union, a corporation that is organized there and has its principal place of business there. It would appear to turn the contractual provision on its head if it were to be used to prevent Vincent Union from choosing to litigate against Elliotts at *their* place of residence and citizenship (which is here in Illinois).

In any event, as stated at the outset of this opinion, Elliotts' motion is denied. They are ordered to answer the Amended Complaint on or before January 23, 1995. This action is set for a status hearing at 8:45 a.m. January 30, 1995.

---

1. This is plainly the correct corporate name, as shown by all of the documents attached as exhibits to the Complaint. But because the original Complaint mistakenly spelled the word "Copyright" this opinion has been obligated to adhere to that misspelling in its case caption. Just where defense counsel arrived at still another misspelled version of the name as "Copy Right" (that is the manner in which they have captioned the current motion) is a mystery—after all, their clients the Elliotts are obviously the corporate principals, and so defense counsel ought to know better even if they have not troubled to look at the uniform name usage in the underlying documents.