POLAR MANUFACTURING
CORP., Plaintiff,

v.

MICHAEL WEINIG, INC., Defendant.

No. 97–C–538.

United States District Court,
E.D. Wisconsin.

Feb. 19, 1998.

Sarah L. Rudolph, Wausau, WI, for Plaintiff.

Donald R. Peterson, Milwaukee, WI, for Defendant.

### ORDER

GOODSTEIN, United States Magistrate Judge.

On March 21, 1997, the Polar Manufacturing Corporation commenced this action in the Langlade County, Wisconsin Circuit Court in which it seeks to rescind its contract to purchase saws from Michael Weinig Incorporated, alleging that the defendant breached its express and implied warranties. On May 6, 1997, pursuant to 28 U.S.C. § 1446, Weinig removed the case to the federal district court for the Eastern District of Wisconsin. The case was randomly assigned to this court and

the parties consented to this court's full jurisdiction. *See* 28 U.S.C. § 636(c)(1). Currently pending is Weinig's motion to dismiss, transfer venue, or stay all further proceedings until arbitration is completed.

### I. BACKGROUND

The following facts are undisputed for purposes of Weinig's motion. Polar is a Wisconsin corporation engaged in the manufacturing of lumber. (Second Amended Complaint at ¶ 1). Weinig is a North Carolina corporation with its principal place of business in Statesville, North Carolina (Jeffrey Davidson Aff. at ¶¶ 2, 4). On March 15, 1996, Polar contracted with Weinig at the Woodtechnology Clinic and Show in Portland, Oregon to purchase a Dimter saw for a cost of $126,000.00. (Davidson Aff. at ¶ 5, Ex. 1). On April 22, 1996, Polar contracted with Weinig by mail to purchase an additional saw for $119,500.00. (Jeff Maguire Aff. at ¶ 5; Davidson Aff. at ¶ 6, Ex. 8). Both the March 15 and April 22 contracts contain the following forum-selection clause:

> Any and all claims or causes of action which cannot be mutually settled and agreed to by the parties, shall and must be brought or asserted by Purchaser only in the U.S. District Court for the Western District of North Carolina or the North Carolina General Court of Justice, Superior Court Division, in Charlotte, North Carolina, and Purchaser hereby expressly agrees, consents and stipulates to the exercise of personal jurisdiction over it and subject matter jurisdiction over any such controversy with respect to such claims or actions being only with such courts ... If for any reason this stipulation covering both jurisdiction and venue shall be determined by a competent court of law to be invalid or unenforceable, then the parties hereby agree, consent and stipulate that all such claims or causes of action shall be submitted to and resolved by arbitration with the American Arbitration Association in Charlotte, North Carolina.

(Davidson Aff., Exs. 1 & 2, ¶ 13).

The March 15 and April 22 contracts also contain the following choice of law clause:

These Terms and Conditions and any claim or controversy arising out of same, the Products or to any other documents pertaining to the Products shall in all respects be governed by the laws of the state of North Carolina, U.S.A., exactly as if all of the parties were all commercial entities located within said jurisdiction and that all of the Terms and Conditions relate entirely to the sale of the Products and the performance of services solely within that jurisdiction.

(Davidson Aff., Exs. 1 & 2, ¶ 12).

Curtis Klement, Polar's president, states that the parties did not negotiate either sale and that Weinig set the terms for both sales, with minor exceptions unrelated to the forum-selection clause. (Klement Aff. at ¶¶ 4, 5). Jeff Maguire, Weinig's regional sales manager who was responsible for Weinig's transactions with Polar, states that Klement reviewed the first contract before he signed it and did not ask to modify any terms in the contract. (Maguire Aff. at ¶ 4). Maguire also states that Klement did not request changes to any terms contained in the second contract. (Maguire Aff. at ¶ 5).

Weinig states that five of the seven witnesses it believes must be present in court to defend its interests are North Carolina residents. (Davidson Aff. at ¶ 10). Polar states that 20 of its 21 witnesses hail from Wisconsin and the lone exception is a resident of nearby Rockford, Illinois. (Klement Aff. at ¶ 6).

## II. ANALYSIS

Weinig presents three alternative theories to support its motion: 1) pursuant to Fed. R.Civ.P. 12(b)(2) and/or (3), Weinig seeks to dismiss for lack of personal jurisdiction and/or improper venue based on the forum-selection clause; or 2) pursuant to 28 U.S.C. § 1404(a), Weinig seeks to transfer this action to the Western District of North Carolina based on the convenience of the parties; or 3) Weinig seeks the court to stay all proceedings until the contractually stipulated arbitration is complete.

### A. Validity

As an initial matter, the parties dispute whether the forum-selection clause is valid. The plaintiff argues that because the clause was not freely negotiated and because Polar did not have an equal bargaining position with Weinig, the clause is not valid. Weinig, on the other hand, contends that simply because the clause was not individually negotiated does not render it invalid and that Polar must be held accountable to the contract it signed, whether or not Polar representatives read the contract.

Although not raised by the parties, it is not clear whether federal common law, Wisconsin law, or North Carolina law governs the validity issue. The circuit courts are split whether a forum-selection clause's validity is substantive and therefore subject to the law of the state in which the federal district court sits or procedural and therefore subject to federal common law, see *Northwestern Nat'l. Ins. Co. v. Donovan*, 916 F.2d 372, 374 (7th Cir.1990) (citing cases), with the Seventh Circuit having yet to directly address the issue. See *id.* at 374 (issue of validity is *probably* matter of federal law). Notwithstanding the circuit split, the contracts in dispute state that any claim arising from the terms and conditions of the contracts shall "in all respects be governed by the laws of the state of North Carolina, U.S.A., exactly as if all of the parties were all commercial entities located within [North Carolina]." (Davidson Aff., Exs. 1 & 2, ¶ 12). Despite the parties' agreement indicating that North Carolina law governs all disputes arising out of the contract, both parties rely upon federal common law for their respective arguments.

■ In *Northwestern*, the parties disputed a forum-selection clause's validity and relied upon federal common law to resolve the issue. Thus, because the litigants are permitted to designate what law shall control a contract's validity, the court applied federal common law. See *Northwestern*, 916 F.2d at 374; cf *Roberts & Schaefer v. Merit Contracting, Inc.*, 99 F.3d 248, 251 (7th Cir.1996) (holding that Illinois law determines validity of forum-selection clause where contract specifies Illinois law as controlling and where parties agree that Illinois law is controlling). Here, as in *Northwestern*, the parties cite and rely upon federal common law in arguing the validity issue, despite the contracts' clauses that state North Carolina law shall

control the contracts' terms. Because the parties may determine what law shall control this issue, and the parties have apparently waived their right to rely upon North Carolina law, the court will apply federal common law to determine the forum-selection clauses' validity. *See generally Luce v. Edelstein*, 802 F.2d 49, 57 n. 4 (2d Cir.1986) (court ignored choice of law clause when not raised by the parties), *LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp.*, 739 F.2d 4, 6–7 (1st Cir.1984) (same).

As mentioned above, the plaintiff contends that the forum-selection clause is invalid because it was not freely negotiated and because applying the forum-selection clause to the instant case would be unfair as most events surrounding the transaction occurred in Wisconsin. The court notes that the plaintiff's argument regarding fairness is more properly addressed once the court determines whether the forum-selection clause is valid. The question of validity is separate from the question of enforceability, and Polar's argument that enforcing the forum-selection clause will be unfair because . most events surrounding the dispute occurred in Wisconsin is an issue more appropriate for addressing if the court considers whether the clause should be enforced.

Proceeding to the forum-selection clause itself, the court finds that it is valid. "Like any contract provision, a forum-selection clause will be enforced unless enforcement would be unreasonable or unjust or the provision was procured by fraud or overreaching." *Paper Express, Ltd. v. Pfankuch Maschinen*, 972 F.2d 753, 757 (7th Cir.1992). Polar states that Weinig prepared the contracts, which included the forum-selection clause, without negotiating the terms with Polar representatives. Thus, Polar asserts that a standard contract containing "boilerplate" language cannot be considered "freely negotiated."

In *Northwestern*, a similar issue was presented to the Seventh Circuit, where the defendant sought to invalidate a forum-selection clause because it was "buried in the fine print" and not "freely negotiated." The court rejected the defendant's position, noting that " 'mere inequality of bargaining power does not of itself make every term of the contract unconscionable. The questions are rather whether the parties had a reasonable opportunity to read and understand the term, and whether the term itself is unreasonable or oppressive.' " *Northwestern*, 916 F.2d at 377 (quoting *Bastian v. Wausau Homes, Inc.*, 635 F.Supp. 201, 203–04 (N.D.Ill.1986)). Thus, after observing that the forum-selection clause was legible and not any more inconspicuous than other clauses in the contract, the court held that the forum-selection clause was valid. *See id.*

In the instant case, similar circumstances lead this court to conclude that the forum-selection clause is valid. For one, the entire contract is contained on one page. Second, the forum-selection clause is printed in small, but legible, writing and the size of print is consistent with other terms of the contract, none of which the plaintiff seeks to invalidate based on their legibility. Moreover, the forum-selection clause is not buried in the middle of a paragraph but is provided a separate section clearly entitled "Choice of Forum, Venue and Consent to Jurisdiction." Polar presents no evidence that Weinig took advantage of any vulnerabilities unique to Polar. Curtis Klement, Polar's representative who signed the contract, did not ask to modify the contract and he did not request Weinig representatives to clarify any portions of the contract. *See* (Jeff Maguire Aff. at ¶ 4). To paraphrase the *Northwestern* court, if Polar makes a habit of signing contracts without reading them, they must bear the consequences. *See Northwestern*, 916 F.2d at 378; *see also, Paper Exp., Ltd. v. Pfankuch*, 972 F.2d 753, 757 (7th Cir.1992) (citing 3 Arthur L. Corbin, *Corbin on Contracts* 607 (1989)); 13 Samuel Williston, *Williston on Contracts* 1577 (1988) (noting fundamental principle of contract law is that a person who signs a contract is presumed to know its terms and consents to be bound by them).

The plaintiff, citing *Van's Supply & Equipment, Inc. v. Echo, Inc.*, 711 F.Supp. 497 (W.D.Wis.1989), contends that because it did not have equal bargaining power with the defendant, the forum-selection clause is not valid. However, the plaintiff does not present facts to support its assertion that it did not have equal bargaining power. Although

the plaintiff states that it is a closely-held corporation and the defendant is a wholly owned subsidiary of a large multinational German corporation, this fact alone does not establish that the parties did not have equal bargaining power. Presumably, the market for this type of saw is competitive and Polar was not obligated to purchase saws from Weinig. Considering that Polar and Weinig conducted business at a trade show, Polar could have sought out Weinig's competitors by simply exploring the trade show further. Moreover, although Polar is a closely held corporation, it is still a presumably sophisticated business that should be familiar with contract negotiations.

In *Van's*, by contrast, a case brought under the Wisconsin Fair Dealership Law, the court did not enforce a forum-selection clause because the Fair Dealership law presumes that the dealer has an inferior bargaining position and because Wisconsin has a strong interest in enforcing the Fair Dealership Law, which provides that forum-selection clauses may not circumvent the Law's remedial goals. *Van's*, 711 F.Supp. at 503. No law relevant to the instant case presumes that the plaintiff did not have equal bargaining power, and Wisconsin does not have a strong interest in regulating the parties' standard contract dispute. The court therefore concludes that the forum-selection clause is valid.

## B. Enforceability

Having determined that the forum-selection clause is valid, the court must now address whether the clause should be enforced. Weinig seeks to enforce the clause by: 1) dismissing the case for lack of personal jurisdiction pursuant to Fed. R. Civ. P 12(b)(2); 2) dismissing the case for improper venue pursuant to Rule 12(b)(3); or 3) transferring this case to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a).

The parties disagree regarding the appropriate standard for determining whether the forum-selection should be enforced. Weinig contends that, under *M.S. Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), and *Heller Financial, Inc. v. Midwhey Powder Co. Inc.*, 883 F.2d 1286 (7th Cir.1989), the forum selection clause is presumptively valid and the plaintiff

must show that a trial in North Carolina will be so gravely difficult and inconvenient that Polar will for all practical purposes be denied its day in court. *See Heller*, 883 F.2d at 1291 (quoting *Bremen*, 407 U.S. at 18). Polar argues that, because Weinig's motion to dismiss is in effect a motion to transfer venue, *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), governs this case and the forum-selection clause is just one of various factors that the court must consider under 28 U.S.C. § 1404(a), which allows district courts to transfer a case to another district for the convenience of parties and witnesses and in the interests of justice.

In *Bremen*, an American corporation, Zapata, contracted with Unterweser, a German corporation, to tow Zapata's oil drilling rig from Louisiana to Italy. The contract contained a provision that any litigation arising from the agreement would be litigated in England. When the rig was damaged in the Gulf of Mexico, Zapata brought suit in admiralty in the United States District Court for the Middle District of Florida. Invoking the forum-selection clause, Unterweser moved to dismiss based on lack of personal jurisdiction or forum non conveniens. The district court denied Unterweser's motion to dismiss, which was affirmed by the court of appeals. The Supreme Court vacated the court of appeals' affirmance and remanded, directing the district court to give additional weight to the forum-selection clause. *Bremen*, 407 U.S. at 8. The Court reversed the historical view that forum selection clauses are disfavored and held that such clauses are prima facie valid and should be enforced unless enforcement is shown to be unreasonable under the circumstances. *Id.*, 407 U.S. at 10. Although *Bremen* was an admiralty case, subsequent courts have applied its favored application of forum-selection clauses to cases in which federal courts sit in diversity jurisdiction. *See Stewart*, 487 U.S. at 33 (Kennedy, J., concurring); *Heller*, 883 F.2d at 1291.

In *Stewart*, an Alabama corporation contracted with a New Jersey corporation. The contract specified that any lawsuit arising under the agreement would be brought in

New York. However, the Alabama corporation commenced an action for breach of contract in the District Court for the Northern District of Alabama. Thereupon, relying on the forum-selection clause, the New Jersey corporation moved either to transfer the case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) or to dismiss for improper venue under 28 U.S.C. § 1406. The district court, relying on Alabama law, denied the motion, citing the fact that Alabama law did not look favorably upon forum-selection clauses. *See Stewart*, 487 U.S. at 24. The court of appeals reversed, concluding that a question of venue in diversity actions is a matter of federal law and that the forum-selection clause was enforceable under federal law. *See id.* at 25. The Supreme Court affirmed, but modified the court of appeals' analysis, which was based upon *Bremen*. The Court held that federal law, specifically 28 U.S.C. § 1404, governs the parties' venue dispute and that under § 1404, the presence of a forum-selection clause is a significant factor for courts to weigh when considering a motion to transfer venue; however, courts must also consider convenience, fairness and the interests of justice as required by § 1404(a). *Id.* at 28–29. The Court stated: "The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration (as Alabama law might have it), but rather the consideration for which Congress provided in § 1404(a)." *Id.* at 31.

The Seventh Circuit has also decided cases where forum-selection clauses were at issue. In *Heller*, the plaintiff, an Illinois corporation, commenced a breach of contract action in the district court for the Northern District of Illinois. The defendants, all Wisconsin corporations, moved to dismiss for lack of personal jurisdiction or to transfer venue, which the district court denied. On appeal, the Seventh Circuit affirmed the district court's order refusing to dismiss or transfer the case. The court noted that a forum-selection clause contained in the contract at issue purported to vest exclusive jurisdiction and venue over all disputes in Illinois. The court, citing *Bremen*, held that the forum-selection clause should control unless there is a strong showing that it should be set aside. *Heller*, 883 F.2d at 1290–1291. "Thus, absent a showing that trial in the 'contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court ... there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.'" *Id.* at 1291 (quoting *Bremen*, 407 U.S. at 18). Based on the forum-selection clause, according to the Seventh Circuit, the district court did not abuse its discretion when it found that the defendants consented to jurisdiction in Illinois. The court of appeals also analyzed the defendants' motion to transfer venue and, citing *Stewart*, noted that despite a forum-selection clause, courts could still transfer venue under § 1404(a) because "only one of § 1404(a)'s factors—convenience of the parties—is within the parties' power to waive." *Id.* at 1293. "In other words, a valid forum-selection clause may waive a party's right to assert his own inconvenience as a reason to transfer a case, but district courts still must consider whether the 'interest[s] of justice' or the 'convenience of witnesses' require transferring a case." *Id.* at 1293. Nevertheless, the court affirmed the district court's refusal to transfer. *See id.* at 1294.

■ *Heller* demonstrates that a court must bifurcate its analysis when considering a motion to dismiss or transfer venue based on a forum-selection clause—the motion to dismiss should be considered by applying the standard set in *Bremen* and the motion to transfer should be considered by applying the standard set in *Stewart*. *See also Northwestern Nat'l Ins. Co. v. Frumin*, 739 F.Supp. 1307, 1310–1311 (E.D.Wis.1990) (bifurcating analysis for enforcing forum selection clause pursuant to motion to dismiss and motion to transfer venue). Thus, a bifurcated analysis requires the court to consider: 1) whether it retains personal jurisdiction and whether venue is proper in light of the forum-selection clause; and 2) if it does retain personal jurisdiction and if venue is proper, whether it should nevertheless transfer the case due to the forum-selection clause, in addition to the interests of justice and the convenience of witnesses.

At the outset, the court notes that the defendant does not contend that its contacts with Wisconsin are insufficient to confer jurisdiction upon this court. Indeed, the defendant availed itself of this state's laws when it conducted business with the plaintiff, a Wisconsin corporation. Rather, the defendant contends that the forum-selection clause acts to withdraw personal jurisdiction which is otherwise proper.

■ As indicated above, because the court is analyzing the forum-selection clause in light of a motion to dismiss, *Bremen* provides the proper standard for determining whether the clause may be enforced with respect to the defendant's motion to dismiss for lack of personal jurisdiction and/or improper venue. Forum-selection clauses should be enforced absent a "strong showing" that the clause should be set aside. *Heller*, 883 F.2d at 1290 (citing *Bremen*, 407 U.S. at 15). "Thus, absent a showing that trial 'in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court,'" the parties will be held to their bargain as contained in the forum-selection clause. *Id.* at 1291 (quoting *Bremen*, 407 U.S. at 18) (alteration in original).

■ Polar contends that to enforce the forum-selection clause and require it to appear in North Carolina would be unfair, unreasonable and unjust because Polar did not have any contacts with Weinig in North Carolina, other than several telephone calls directed to Weinig's North Carolina facility. However, the plaintiff's retrospective rationale for not enforcing the forum-selection clause does not address the relevant prospective consideration—whether requiring Polar to appear in North Carolina will effectively deprive Polar of its day in court. Moreover, Polar essentially argues that its contacts with North Carolina are not sufficient to subject it to personal jurisdiction in North Carolina. However, Polar waived its right to contest personal jurisdiction in North Carolina when it signed the contract containing the forum-selection clause. *See Heller*, 883 F.2d at 1290 (personal jurisdiction may be conferred by express or implied consent).

■ Next, Polar states that most witnesses to this action are located in Wisconsin and Illinois. In fact, Polar contends that if this case proceeds to trial, Polar anticipates that nine of its employees will be required to testify—three managers and six saw operators—and that their absence will require Polar to lay off 70 percent of its workforce. However, the convenience of witnesses issue is a wash. Whether Polar is required to attend a trial in North Carolina or Weinig is required to attend a trial in Wisconsin, one party is inconvenienced. Moreover, as the defendant asserts, if this case is maintained in the Eastern District of Wisconsin, any trial will be held in Milwaukee. Thus, Polar's employees, who work in Polar, Wisconsin, nearly 200 miles from Milwaukee, will have to miss work whether the trial is in Wisconsin or North Carolina. Finally, Polar does not explain why, if requiring the witnesses to appear at trial is such an inconvenience, such witnesses could not offer depositions or videotaped testimony in lieu of live testimony.

To conclude, Polar does not establish that court proceedings in North Carolina will be so gravely difficult and inconvenient that, for practical purposes, it will be deprived of its day in court. Indeed, Polar acknowledges that this action could have been brought in Wisconsin or North Carolina. Given that the contract between Polar and Weinig establishes that any legal proceedings be conducted in North Carolina, and given that Polar provides no basis from which it may be relieved of its contractual agreement, this court finds that it lacks personal jurisdiction over the parties. *See Andrews v. Heinold Commodities, Inc.*, 771 F.2d 184, 187 (7th Cir. 1985) (forum-selection clause establishing Illinois as forum state functions to deprive Indiana federal district court of personal jurisdiction because personal jurisdiction may be waived by parties). Whether venue is proper in the Eastern District of Wisconsin is therefore moot. *See id.* at 188. Because the court finds that it lacks personal jurisdiction over the parties, the court need not address the defendant's motion with respect to its request to transfer this case or stay the case pending arbitration.

However, rather than dismissing this case, which would require that Polar refile its claim in North Carolina and perhaps subject Polar to an applicable statute of limitations, the court finds that the interests of justice and judicial economy justify transferring the case to the federal district court for the Western District of North Carolina pursuant to 28 U.S.C. § 1406(a). *See Sinclair v. Kleindienst*, 711 F.2d 291, 294 (D.C.Cir.1983) (holding that the procedural obstacles which may be removed by a transfer pursuant to § 1406(a) include the lack of personal jurisdiction).

**IT IS THEREFORE ORDERED** that Defendant Michael Weinig Incorporated's motion to dismiss and/or motion to transfer is **granted**. Pursuant to 28 U.S.C. § 1406(a), the Clerk of Court is directed to transfer this case to the federal court for the Western District of North Carolina.