**HYLAND LAKES SPUDS, INC., Plaintiff,**

v.

**H.C. SCHMIEDING PRODUCE CO., INC., Defendant.**

No. 98–C–785.

United States District Court, E.D. Wisconsin

Dec. 3, 1998.

James A. Higgins, Byrne, Goyke, Olsen & Tillisch, Wausau, WI, for Plaintiff.

Stephen E. Kravit, Karen L. Tidwall, Kravit Gass Hovel & Leitner, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

CALLAHAN, United States Magistrate Judge.

### Background

On August 14, 1998, the plaintiff, Hyland Lakes Spuds, Inc., ("Hyland") filed this action against defendant H.C. Schmieding Produce Co., Inc., ("Schmieding"). In its first claim Hyland alleges that it is a seller of potatoes, which are a perishable agricultural commodity within the meaning of 7 U.S.C. § 499a; that Schmieding was, at all material times, a "dealer" within the meaning of that term as found in 7 U.S.C. § 499a; and, that during 1997, Hyland sold Schmieding various shipments of potatoes pursuant to a contract entered into between the parties on or about August 12, 1997. The potatoes had been grown by Hyland in Wisconsin and were, pursuant to the parties' contract, shipped to Schmieding in Arkansas. Hyland claims that Schmieding failed to properly pay Hyland the sum of $42,595.31 for the potatoes, in violation of 7 U.S.C. § 499b(4). Hyland's second claim is for breach of contract, for which breach Hyland again seeks the sum of $42,595.31 in damages. The contract upon which the plaintiff's claims are based is attached to its complaint.

Presently pending before the court is Schmieding's motion to dismiss this action, pursuant to Rule 12(b)(2) and/or (3), Fed. R. Civ. P. and 28 U.S.C. § 1406(a), or, in the alternative, to transfer this action to the United States District Court for the Western District of Arkansas, Fayetteville Division. Schmieding's motion is based on the ground that the sales contract from which this action arises contains a valid and enforceable forum selection clause pursuant to which the parties consented to jurisdiction of the Arkansas courts over any dispute arising out of the formation or performance of the parties' contracts. All parties have consented to proceed before a U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Rule 73, Fed. R.Civ.P. For the reasons which follow, Schmieding's motion is **DENIED**.

### Motion to Dismiss

The foundation upon which Schmieding has constructed its argument is ¶ 7 of the reverse side of the August 12, 1997, contract, a copy of which contract is attached to the plaintiff's complaint. That paragraph reads as follows:

> This contract shall have been deemed to have been made in Washington County, Arkansas and shall be governed by Arkansas law, and all of the parties hereto consent to be subject to the jurisdiction of the courts of the State of Arkansas concerning any disputes arising out of the formation or performance of this contract.

One thing is abundantly clear and, apparently, undisputed. The controversy presented in the plaintiff's complaint does, indeed, arise out of the formation or performance of the contract which is attached to the plaintiff's complaint. Such being the case, Schmieding argues that the unambiguous language of ¶ 7 of the contract grants exclusive jurisdiction over the dispute to "the courts of the State of Arkansas." In response, Hyland argues that ¶ 7 does not state that the courts of the State of Arkansas shall have exclusive jurisdiction concerning any disputes arising out of the formation or performance of the contract. Rather, ¶ 7 merely "indicates that both parties consented to the jurisdiction of the Arkansas courts." (Hyland's Brief in Opposition to Motion to Dismiss ("Hyland's Brief"), p. 2).

In support of its argument, Schmieding relies most heavily on Magistrate Judge Aar-

on E. Goodstein's decision in *Polar Manufacturing Corp. v. Michael Weinig,* 994 F.Supp. 1012 (E.D.Wis.1998). In *Polar,* Judge Goodstein ruled that the forum selection clause found in the parties' contract was valid and enforceable. The terms of that forum selection clause were, in pertinent part, as follows:

> Any and all claims or causes of action which cannot be mutually settled and agreed to by the parties shall and must be brought or asserted by Purchaser only in the U.S. District Court for the Western District of North Carolina or the North Carolina General Court of Justice, Superior Court Division, in Charlotte, North Carolina, and Purchaser hereby expressly agrees, consents and stipulates to the exercise of personal jurisdiction over it and subject matter jurisdiction over any such controversy with respect to such claims or actions being only with such courts....

In rejecting the plaintiff's arguments, Judge Goodstein found the forum selection clause to be valid because "the entire contract [was] contained on one page, ... the. forum-selection clause [was] printed in small, but legible, writing and the size of print [was] consistent with other terms of the contract, none of which the plaintiff [sought] to invalidate based on their legibility, ... the forum-selection clause [was] not buried in the middle of a paragraph but [was] provided a separate section clearly entitled 'Choice of Forum, Venue and Consent to Jurisdiction'[, and] Polar present[ed] no evidence that Weinig took advantage of any vulnerabilities unique to Polar...." *Polar,* 994 F.Supp. at 1015.

Judge Goodstein also concluded that the forum selection clause was enforceable, and in doing so, rejected the plaintiff's argument that to enforce the forum selection clause and require the plaintiff to appear in North Carolina would be unfair, unreasonable and un-

just because Polar did not have any contact with Weinig in North Carolina, other than several telephone calls directed to Weinig's North Carolina facility. *Id.* 994 F.Supp. at 1018. Judge Goodstein also rejected Polar's argument that the convenience of witnesses required that the action remain in the Eastern District of Wisconsin.

In *Polar,* there seems to have been no dispute over the meaning of the forum selection clause. The only arguments were over its validity and its enforceability. That is not the situation here. Instead, the parties in the instant action dispute the meaning of ¶ 7. Hyland argues that the language of ¶ 7 is not sufficiently mandatory or obligatory as to constitute an agreement that the **only** jurisdiction in which an action involving a dispute arising out of the formation or performance of the contract may be brought is the courts of the State of Arkansas. Stated another way, Hyland argues that ¶ 7 is a consent to jurisdiction clause. Schmieding, on the other hand, argues that ¶ 7 is an exclusive venue and jurisdiction clause.

In *Paper Express, Ltd. v. Pfankuch Maschinen, GmbH,* 972 F.2d 753 (7th Cir.1992), the Seventh Circuit Court of Appeals stated that:

> The law is clear: where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive. *Docksider, Ltd. [v. Sea Technology, Ltd.],* 875 F.2d [762] at 764 (9th Cir.1989).[1]

*Paper Express,* 972 F.2d at 756.

In *Paper Express,* the court concluded the venue provision language at issue "clearly and unmistakably designat[ed] the supplier's principal place of business as the exclusive forum." *Ibid.* In reaching that conclusion,

---

1. In *Docksider,* the Ninth Circuit affirmed the district court's decision that the following language constituted an exclusive forum selection clause: "Venue of any action brought hereunder shall be deemed to be in Glouchester County, Virginia." *Docksider,* 875 F.2d at 763. In doing so, however, it distinguished the mandatory nature of the above language from that found in *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955,

956 (5th Cir.1974), (i.e., "This agreement shall be construed and enforced according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York."), which language had been found to be permissive, not mandatory. Notably, the language of ¶ 7 in the instant action bears similarity to that examined in *Keaty.*

the court noted that the particular venue provision at issue included the phrase "shall be filed," coupled with the phrase "all disputes". This, according to the court, "clearly manifest[ed] an intent to make venue compulsory and exclusive." *Ibid.* The court went on to discuss other cases in which similar language was found to make venue compulsory and exclusive. It stated:

> In *Docksider, Ltd. v. Sea Technology, Ltd.,* 875 F.2d 762, 763-64 (9th Cir.1989), the court construed the language "[v]enue ... shall be deemed to be in Gloucester County, Virginia" as mandatory and exclusive. In *Sterling Forest Assoc., Ltd. v. Barnett–Range Corp.,* 840 F.2d 249, 250 (4th Cir. 1988), the court held the following provision mandatory: "This Agreement shall be construed and enforced in accordance with the laws of the State of California and the parties agree that in any dispute jurisdiction and venue shall be in California." Numerous other courts have construed similar language as conferring exclusive jurisdiction. See, e.g., *In re Fireman's Fund Ins. Cos.,* 588 F.2d 93, 94 (5th Cir. 1979) ("venue ... shall be laid in the County of Essex"); *Intermountain Sys., Inc. v. Edsall Constr. Co.,* 575 F.Supp. 1195, 1197 (D.Colo.1983) ("venue shall be in Adams County, Colorado"); *Gordonsville Industries v. American Artos Corp.,* 549 F.Supp. 200, 204 (W.D.Va.1982) ("the place for litigation shall be the [Civil Court] in Bochum, Germany"); *Hoes of Am., Inc. v. Hoes,* 493 F.Supp. 1205, 1206 (C.D.Ill.1979) ("[a]ny court procedures shall be held in Bremen"); *Taylor v. Titan Midwest Constr. Corp.,* 474 F.Supp. 145, 148 (N.D.Tex.1979) ("venue shall be ... [where] the principal offices of the Contractor are located"); *Public Water Supply Dist. No. 1 v. American Ins. Co.,* 471 F.Supp. 1071, 1071 (W.D.Mo.1979) ("venue shall lie in Mercer County, State of Missouri"); *Full–Sight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71, 72 n. 3 (S.D.N.Y.1978) ("suit ... shall be brought in either San Diego or Los Angeles County"); *General Elec. Co. v. City of Tacoma,* 250 F.Supp. 125, 125, n. 1 (W.D.Wash. 1966) ("venue ... shall be in the Superior Court of the State of Washington in and for the County of Pierce").

*Paper Express,* 972 F.2d at 756-57.

To be sure, ¶ 7 contains mandatory and obligatory language similar to that found in the provisions cited above. But that mandatory language is only found in the first two clauses of ¶ 7. Specifically, those two clauses read as follows: "This contract shall have been deemed to have been made in Washington County, Arkansas and shall be governed by Arkansas law...." Nowhere thereafter in ¶ 7 does the word "shall" appear. Had the parties wanted to include the word "shall" or some similar word in the remainder of ¶ 7, they certainly could have done so. For example, the remainder of ¶ 7 could have read: "And all of the parties hereto consent to be subject of the jurisdiction of the courts of the State of Arkansas concerning any disputes arising out of the formation or performance of this contract **and agree that resolution of all such disputes shall be in such courts.**" In the alternative, the parties could have drafted ¶ 7 to read, for example, "... And all of the parties hereto consent to be subject to the **exclusive** jurisdiction of the courts of the State of Arkansas concerning any disputes arising out of the formation or performance of this contract." For whatever reason, such language, or language similar thereto, was not used.[2]

In short, I am persuaded that ¶ 7 does not constitute an exclusive forum selection

---

2. In support of its argument Schmieding also cites *N.E. Alpine Ski Shops, Inc. v. U.S. Divers Co., Inc.,* 898 F.2d 287 (1st Cir.1990) and *Central Coal Co. v. Phibro Energy, Inc.,* 685 F.Supp. 595 (W.D.Va.1988). In *Alpine,* the court only made passing reference to the "forum selection clause in which 'the parties mutually consent[ed] to the jurisdiction of the courts of the State of California' in the event of any dispute or controversy arising under the agreement." *Alpine,* 898 F.2d at 288. Moreover, the meaning, validity or enforceability of that clause was never addressed by the court.

On the other hand, in *Central Coal,* the court found the language "expressly submits to the jurisdiction of the State of New York", although perhaps not as strong as it could be, to be mandatory, thereby making New York the exclusive forum for the resolution of the parties' dispute. In so finding, however, the *Central Coal* court acknowledged that "other interpretations [i.e., that the language was permissive] are reasonable." *Central Coal,* 685 F.Supp. at 598. Whether or not I would have decided *Central Coal* differently does not matter. This is so be-

clause. As stated above, the Seventh Circuit in *Paper Express* held that where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive. *Paper Express*, 972 F.2d at 757. In this action, neither venue nor jurisdiction are specified with mandatory or obligatory language and there is no further language in the contract indicating that the parties intended to make venue or jurisdiction in the State of Arkansas exclusive. The only matters with respect to which mandatory or obligatory language is used are: (1) that the contract "shall have been deemed to have been made in Washington County, Arkansas" and, (2) that the contract "shall be governed by Arkansas law."

To reiterate, ¶ 7 states that the contract must be deemed to have been made in Washington County, Arkansas, and must be governed by Arkansas law. But similar mandatory or obligatory language is conspicuously absent from the remainder of ¶ 7, thereby rendering the remainder of ¶ 7 nothing more than the parties' consent to the jurisdiction of the courts of the State of Arkansas, if the action had been filed there. See, *Vincent Union (International), Ltd. v. Copyright Products, Inc.*, 874 F.Supp. 880, 881 (N.D.Ill. 1995) (Court held that language, " "This guarantee is governed by the laws of Hong Kong and any controversy or claim arising out of or relating to this guarantee shall be within the jurisdiction in Hong Kong', . . . is purely permissive—it merely reflects a consent and not a mandate to litigate in Hong Kong, so that [the plaintiff] may choose venue here instead if it wishes. . . .").

In conclusion, for all of the foregoing reasons, Schmieding's motion to dismiss, or in the alternative, for transfer of venue, is **DENIED.**

---

cause, in any event, I find the language in the *Central Coal* forum selection clause to be less permissive than that presented in the instant action. In *Central Coal*, the parties agreed to

"expressly submit to the jurisdiction of the State of New York." In the instant action, the parties merely "consent[ed] to be subject to the jurisdiction of the courts of the State of Arkansas."