In the

# United States Court of Appeals

### For the Seventh Circuit

_____

No. 05-2636

PRATIMA J. MUZUMDAR and TRANQUIL PASSAGE,

*Plaintiffs-Appellants*,

*v.*

WELLNESS INTERNATIONAL NETWORK, LTD.,
WIN NETWORK, INC., RALPH OATS, CATHY OATS,
and SHERI MATTHEWS,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 6175—**Charles R. Norgle, Sr.**, *Judge.*

_____

Nos. 05-2686 & 05-2827

RICHARD SHARIF, ABDUL RASHID, *et al.*,

*Plaintiffs-Appellants*,

*v.*

WELLNESS INTERNATIONAL NETWORK, LTD.,
WIN NETWORK, INC., RALPH OATS, CATHY OATS,
and SHERI MATTHEWS,

*Defendants-Appellees.*

_____

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
Nos. 02 C 3047 & 02 C 5801—**Samuel Der-Yeghiayan**, *Judge.*

_____

ARGUED JANUARY 12, 2006—DECIDED FEBRUARY 17, 2006

_____

Before FLAUM, *Chief Judge*, and BAUER and EVANS, *Circuit Judges*.

EVANS, *Circuit Judge*. These cases are before us again: this time the issue involves forum selection clauses. Previously, in *Sharif v. Wellness International Network, Ltd.*, 376 F.3d 720 (7th Cir. 2004)[1], we reviewed and reversed a denial of a motion to compel arbitration with the result that claims of less than $100,000 were subject to arbitration. That left some claims for consideration by the court. Before us now the question is "what court?"

The cases were filed in the United States District Court for the Northern District of Illinois. The *Muzumdar* case comes to us from Judge Charles R. Norgle, Sr. and the *Sharif* and *Rashid* cases from Judge Samuel Der-Yeghiayan. The result in all three was the same: They were dismissed without prejudice pursuant to forum selection clauses found in the relevant contracts. Both judges found that the proper forum was Dallas County, Texas. The plaintiffs appeal.

A challenge to venue based upon a forum selection clause can appropriately be brought as a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3). Our review of the enforceability of a forum selection clause is *de novo*. *Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603 (7th Cir. 2003).

The lawsuits involve distributorship contracts that the plaintiffs had with Wellness International Network (WIN). The appellants contend that while WIN claims to be in the business of selling health and wellness products, it

---

[1] The *Sharif* and *Rashid* actions were consolidated and were the subject of the first decision in this court. The *Muzumdar* plaintiffs withdrew from the first appeal.

was actually engaged in an illegal pyramid scheme. The appellants assert a number of claims, including violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962), federal securities laws, and various Illinois statutes.

Each appellant signed either an associate agreement or a distributor agreement. The associate agreement says:

> JURISDICTION AND VENUE OVER ANY DISPUTES ARISING OUT OF THIS AGREEMENT SHALL BE PROPER ONLY IN THE FEDERAL OR STATE COURTS IN DALLAS COUNTY, TEXAS.

The distributor agreement says:

> ANY DISPUTE OR CLAIM ARISING UNDER OR IN CONNECTION WITH THIS AGREEMENT OR WITH RESPECT TO THE BUSINESS RELATIONSHIP ESTABLISHED BY THIS AGREEMENT . . . SHALL BE PROPER ON/BEFORE AN ARBITRATION PANEL CONVENED, OR IN A STATE OR FEDERAL COURT PRESIDING IN, DALLAS, DALLAS COUNTY, TEXAS . . . .

The clauses certainly seem clear enough, especially because under either federal or Illinois law, forum selection clauses are valid and enforceable. *IFC Credit Corp. v. Aliano Bros. Gen. Contractors*, *Inc.*, 2006 WL 230179, ___ F.3d ___ (7th Cir. Feb. 1, 2006).[2] There is no ambiguity about where the parties agreed to litigate this dispute. What, then, do the appellants argue?

---

[2] IFC held open the question as to whether state or federal law applies in a dispute over a forum selection clause when the case is dismissed rather than transferred pursuant to 28 U.S.C. § 1404(a). We see no need to examine that question in this case.

They contend that language in the WIN rules and regulations negates the mandatory forum selection clause. The WIN rules state:

> Each distributor hereby irrevocably and unconditionally submits themselves and their property to the non-exclusive jurisdiction of any arbitration panel convened, or a court of competent jurisdiction in Dallas, Dallas County, Texas, whichever is applicable, it being acknowledged that the relationship between any distributor and WIN is performable, in part, in Dallas County, Texas, and further irrevocably and unconditionally waives, to the fullest extent that a distributor may legally and effectively do so, any objection that such distributor may have now or hereafter to such venue, including the defense of an inconvenient forum.

This provision, written in the usual mumbo-jumbo of lawyer-speak, supersedes the contract language, appellants argue, because the contract says so. The associate contract and the distributor contract state:

> I HAVE READ THE WIN RULES & REGULATIONS AND I AGREE THAT THEY ARE INCORPORATED BY REFERENCE INTO THIS AGREEMENT IN PRESENT FORM AND THAT THEY ALSO MAY BE AMENDED BY WIN FROM TIME TO TIME.

The distributor agreement further states:

> IN THE EXTENT THAT THERE ARE ANY CON-FLICTS BETWEEN THIS AGREEMENT AND THE WIN RULES & REGULATIONS, THE WIN RULES & REGULATIONS SHALL GOVERN.

The argument is that the WIN rules contain language—"non-exclusive jurisdiction"—which renders the forum selection clauses permissive; because the WIN Rules govern, the argument continues, the forum selection clauses are merely permissive. Appellants leap from

the phrase "non-exclusive jurisdiction" to the issue of forum, or venue, because the provision in the WIN rules is entitled "Venue." However, that word cannot carry so much weight. The WIN rules also provide that titles and subtitles are inserted for convenience and do not affect the meaning of the rules, and the provision itself refers only to jurisdiction.

Therefore, what the WIN rules provide is a nonexclusive jurisdictional provision, requiring the appellants to submit to the personal jurisdiction of the Texas courts. We cannot find that a provision which requires appellants to submit to the "non-exclusive" jurisdiction of Texas courts somehow undermines a very strongly worded forum selection clause containing mandatory language: "SHALL BE PROPER ONLY" or "SHALL BE PROPER" in Dallas County, Texas. We have found such mandatory language to require enforcing a forum selection clause. We have said that where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive. *See Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753 (7th Cir. 1992).

Appellants also spend a good deal of time trying to convince us that because the contracts themselves are void and unenforceable as against public policy—i.e., they set out a pyramid scheme—the forum selection clauses are also void. The logical conclusion of the argument would be that the federal courts in Illinois would first have to determine whether the contracts were void before they could decide whether, based on the forum selection clauses, they should be considering the cases at all. An absurdity would arise if the courts in Illinois determined the contracts were not void and that therefore, based on valid forum selection clauses, the cases should be sent to Texas—for what? A determination as to whether the contracts are void?

What is true is that a forum selection clause can be found invalid because the clause itself was procured by fraud. As the Court established in *The Breman v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972), a forum selection clause will be enforced unless it can be clearly shown "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Appellants make no attempt to show that the forum selection clause was itself obtained by fraud.

The appellants contend, however, that this contract was a contract of adhesion. We reject that contention. The appellants were parties to a somewhat sophisticated business deal. It is hard to conclude that they would have signed a contract worth more than $100,000 without considering its provisions. Contrast this situation with one involving a truly nonnegotiated contract. In *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), the Supreme Court held that even a forum selection clause in a commercial passage contract—that is, a ticket for a cruise—was enforceable. The forum selection clauses in these cases are enforceable.

Accordingly, the judgments of the district courts dismissing these cases are AFFIRMED.

A true Copy:

       Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*
