**HANSON ENGINEERS INC., Plaintiff,**

v.

**UNECO, INC., Defendant.**

No. 99–3083.

United States District Court,
C.D. Illinois,
Springfield Division.

Sept. 7, 1999.

William F. Trapp, Springfield, IL, for plaintiff.

Stephen F. Hedinger, Springfield, IL, for defendant.

## OPINION

MILLS, District Judge.

In this breach of contract case, Defendant moves to dismiss for lack of personal jurisdiction and improper venue.

But the forum selection clause in the contract provides for suit where the "plaintiff" is "located."

Because the Plaintiff in this case has its corporate offices in the Central District of Illinois and is thus "located" here, the motion must be denied.

This cause comes before the Court on several motions: UNECO'S motion to dismiss, UNECO's motion for leave to file a reply to the response to the motion to dismiss, and Hanson's motion for leave to file a sur-reply, contained in Hanson's Objections to UNECO's motion for leave to file reply.

## I. BACKGROUND

Hanson Engineers ("Hanson") is a corporation that provides engineering services. On December 4, 1997, Hanson entered into a contract with UNECO which called for Hanson to provide design and engineering services for the development or construction by UNECO of a power plant in Kogalym, Russia. While the substantive provisions of the contract are not important for purposes of this motion, the contract contained a forum selection clause that provided "[i]f the parties cannot agree upon an amicable settlement, then all disputes and differences are to be submitted to the United States District Court of that District, where plaintiff is located." The contract also contained a choice of law provision that stipulated that Utah's law would govern the contract.

Hanson has instituted this suit against UNECO alleging that Hanson performed the work that was called for in the contract but that UNECO failed to pay for a portion of the work. Hanson also alleges that UNECO made changes in the plans and specifications as the work progressed and that Hanson should be paid the value of those additional services rendered by Hanson.

UNECO filed a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. UNECO argues that it has not established sufficient contacts with Illinois to confer personal jurisdiction over UNECO. Also, UNECO contends that the forum selection clause, properly interpreted, allows suit in only two places—Utah or New Jersey. This argument is based on the fact that the forum selection clause, set out above, provides that suit may be brought where plaintiff is "located" and the contract lists only two addresses of the parties—a Utah address for UNECO and a New Jersey address for Hanson. UNECO, in other words, argues that the term "located" means the addresses that are mentioned in the contract. Hanson argues that the term "located" should be interpreted more broadly to include at least the place where Hanson is headquartered and has a substantial business presence. Thus, on Hanson's reading, but not on UNECO's, Hanson is located in Illinois where it has its corporate offices.

## II. ANALYSIS

### A. Replies Ad Infinitum

■ Local Rule 7.1(B)(1) provides that "[n]o reply to a response is permitted, unless the response is to a motion for summary judgment." Though this rule does not preclude a party from seeking leave to file a reply, leave should not be so freely granted that it would render the general prohibition of replies ineffective. In addition, many times parties will request, as UNECO does here, leave to file a sur-reply. The Court will not condone these attempts by the parties in this case to have the last word.

■ There are no circumstances present in this case that justify granting leave to continue filing replies and replies to replies. First, the arguments raised in the motions for leave could have been (and, in

part, were) raised in the original motions and the reply. UNECO's assertion that it was "surprised" when Hanson argued that the forum selection clause was valid and that it supported Hanson's argument that personal jurisdiction and venue are proper in this district is not persuasive. As- explained below, surely it is not obvious that the word "located" in the forum selection clause is subject only to the rather restrictive meaning posited by U ECO. This might have alerted UNECO to the desirability of presenting all its arguments as to the proper interpretation of the term in its initial motion.

■ In addition, UNECO's suggestion that the submission of extrinsic documents converts this motion into a motion for summary judgment is not correct. Rule 12(b) of the Federal Rules of Civil Procedure provides that Rule 12(b)(6) motions may be converted into motions for summary judgment under Rule 56 if "matters outside the pleadings are presented to [the Court]." There is no comparable provision for converting motions pursuant to Rule 12(b)(2) or 12(b)(3) into motions for summary judgment. *See Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal*, 859 F.2d 1302, 1306 (7th Cir.1988). Thus, the Court declines the invitation to convert this motion into a motion for summary judgment. UNECO's motion for leave to file a reply and Hanson's motion for leave to file a sur-reply will be denied.

**B.** *Motion to Dismiss under 12(b)(2) and 12(b)(3)*

When deciding a motion to dismiss for want of personal jurisdiction or improper venue, we must accept all well-pleaded facts as true unless controverted by the defendant's affidavits. Any factual disputes must be resolved in favor of the plaintiff. *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir.1988); *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir.1987).

As an initial matter, the Court notes that the parties do not dispute the existence of a choice of law provision in the contract. It provides that "[t]his contract is subject to and will be governed by the Laws of the State of Utah and the United States of America." Though the Circuits are not in complete agreement on the issue, the majority agree that the validity and interpretation of a forum selection clause is determined by the application of federal rather than state law. *See Northwestern Nat'l. Ins. Co. v. Donovan*, 916 F.2d 372, 374 (7th Cir.1990) (citing cases and stating in dictum that federal law "probably" controls the issue of the validity of forum selection clause).

■ However, in the *Donovan* case, the parties did not argue that state law should be applied based on a choice of law provision in the contract. Thus the parties waived any potential reliance on the application of state law. *Id.* Even where a contract does contain an explicit choice of law provision, parties waive reliance on that provision if they rely on federal law in their argument to the Court. *See Polar Mfg. Corp. v. Michael Weinig, Inc.*, 994 F.Supp. 1012 (E.D.Wis.1998). Here UNECO does not contest the validity of the forum selection clause, but instead argues that the language of the clause should be interpreted in its favor.[1]

Before addressing the question of interpretation, the Court notes that UNECO also argues at some length that this Court lacks personal jurisdiction over UNECO because UNECO has not satisfied the requirement of minimum contacts required by the Due Process Clause. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Hanson argues that the forum selection clause constitutes a waiver of objection to personal jurisdiction and venue.

---

**1.** Even if the parties had contested the validity of the forum selection clause, such clauses should be enforced absent a "strong showing that it should be set aside." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1290 (citing *Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). No such showing has been made (or even attempted) here.

It is well-settled that parties may consent in advance to submit their controversies to a particular forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). This consent may be either express or implied. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1290 (7th Cir.1989). Consent to suit in a particular forum is an independent ground for the exercise of personal jurisdiction, separate and distinct from any personal jurisdiction based on an analysis of minimum contacts. *See Burger King,* 471 U.S. at 473 n. 14, 105 S.Ct. 2174.

In this case, the forum selection clause provides advance consent to waive objections to personal jurisdiction and venue. The forum selection clause specifically states that "all disputes and differences are to be submitted to the United States District Court of that District, where plaintiff is located." Neither party argues that enforcement of the clause would be unreasonable or unjust. Thus, UNECO has waived objection to personal jurisdiction. There is no need for the Court to analyze whether personal jurisdiction is proper over UNECO based on its specific or general contacts with Illinois.

Here, even though UNECO has waived objection to personal jurisdiction and venue, it must still be determined whether the forum selection clause operates as a waiver to suit in this Court. As mentioned above, the parties dispute the proper interpretation of the term "located" contained in that clause. Thus, the Court must determine whether the parties intended the narrow meaning of the term posited by UNECO or the broader meaning of "located" advanced by Hanson.

In this regard, it is not settled whether state or federal law governs the interpretation (as opposed to the validity) of a valid forum selection clause. However, the parties in this case do not rely upon any interpretive principles unique to Utah and instead rely on federal law, so they have waived reliance on Utah's law of contract interpretation. *See Donovan,* 916 F.2d at 374. At any rate, both Utah law and federal law provide that only after determining that a term is ambiguous should extrinsic evidence be used to interpret it. *See, e.g., Ron Case Roofing and Asphalt Paving, Inc. v. Blomquist,* 773 P.2d 1382, 1385 (Utah 1989) and *Ryan v. Chromalloy American Corp.,* 877 F.2d 598, 602 (7th Cir.1989).

A contract must be interpreted as a whole, *Metalex Corp. v. Uniden Corp. of America,* 863 F.2d 1331 (7th Cir.1988), and its words should be given their ordinary and natural meaning. *Robbins v. Lynch,* 836 F.2d 330 (7th Cir.1988). While extrinsic evidence may be used to determine the meaning of ambiguous terms, terms should not be added to the clear language of a contract. *See Calder v. Camp Grove State Bank,* 892 F.2d 629, 632 (7th Cir.1990).

The contract provision at issue in this case is not ambiguous. It clearly provides that a suit may be instituted where the "plaintiff" is "located" and nowhere does the contract state explicitly that suit may only be brought in New Jersey or Utah. There is no indication whatsoever in the contract that the term "located" has been narrowed in scope or has been given any special stipulated meaning. As UNECO admits, the normal definition of the term "located" is, *inter alia*, "to set or establish in a particular spot or position." *Webster's Third New Int'l Dictionary*, p. 1327 (1986). The term "location" is defined as "a position or site occupied or available for occupancy." *Id.* In addition, "located" is defined in Black's Law Dictionary as "[h]aving a physical presence or existence in a place" while the term "location" is defined to mean "[s]ite or place where something is or may be located." *Back's Law Dictionary* 940 (6th ed.1990). Concepts closely associated with "location" are "residency" and "venue." William C. Burton, *Legal Thesaurus* 322 (Steven C. DeCosta ed. Macmillan 1992) (1980).

On the other hand, the term "address" is associated with concepts such as "office address," "post office address" and "box

number." *Id.* at 10. While there may be some overlap in the concepts of address and location, the sources above indicate that the term "located" is not properly limited in scope to include only the address of a corporation that happens to be listed in a contract, but rather includes such places as the corporate office and the principal place of business. This indicates that the parties have consented to suit in Illinois, since it is undisputed that Hanson has a substantial business presence—its corporate offices—in this district.

In addition, "located" may be contrasted with more a specific term such as "headquarters" which may be ambiguous because it could refer to only one of several "headquarters"—corporate headquarters, manufacturing headquarters or distribution headquarters. *See Hickey v. A.E. Staley Mfg.,* 995 F.2d 1385, 1390 (7th Cir. 1993). As indicated above, the term "located" is broader in meaning than a term like "headquartered"—thus indicating that while "headquarters" could be limited to refer to one of several main offices, the term "located" is not similarly restricted in scope.

Another consideration in this regard is the fact that UNECO does not dispute that it consented to suit in the clearly inconvenient forum of New Jersey. While it may not be a particularly weighty indication of the meaning of the term "located," the fact that UNECO had consented to suit in a very inconvenient forum (such as New Jersey) is a further indication that suit in Illinois comes as no surprise to UNECO.

Alternatively, even if the term "located" was ambiguous, the Court finds that the extrinsic evidence indicates that the parties understood the term "located" to mean any place where either of the parties had a substantial business presence or location. The extrinsic material submitted on this motion indicates that the parties likely understood that Hanson had its main office in Springfield, Illinois. Several items of correspondence indicating that Hanson's corporate address was in Springfield, Illinois

passed between the parties. These submissions indicate that UNECO not only understood that Hanson was located in more than one place at the time the contract was entered into but that UNECO likely understood that Hanson had a substantial place of business in Springfield, Illinois. In drafting the forum selection clause, it is reasonable to believe that UNECO knew that Hanson was "located" in Illinois because Hanson had its corporate offices in Springfield, Illinois.

Thus, since the parties agree that the forum selection clause is valid and enforceable, the issue presented on this motion is the proper interpretation of the language of the clause. The Court finds that the clause, considered in the context of the contract as a whole, is not ambiguous and that UNECO waived objections to personal jurisdiction and venue in this Court. Alternatively, the Court finds that the extrinsic material indicates that the parties understood that the term "located" indicated that the forum selection clause was at least broad enough to provide for suit in the Court.

*Ergo,* for the reasons given herein, UNECO's motion to dismiss is DENIED. UNECO's motion to file a reply is DENIED. Hanson's motion to file a sur-reply is also DENIED.